# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

PML NORTH AMERICA, LLC,

                  Plaintiff,

                                       Case No. 05CV70404

vs.

                                       Honorable Robert H. Cleland

HARTFORD UNDERWRITERS
INSURANCE COMPANY, ACG                  Magistrate Judge Pepe
ENTERPRISES OF NC, INC., and
RTP INSURANCE OF DURHAM, NC

                  Defendants.

---

James J. Giszczak (P46917)              Thomas J. Murray (P56331)
Michael G. Latiff (P51263)              DYKEMA GOSSETT PLLC
BUTZEL LONG                             Attorneys for Defendant
Attorneys for Plaintiff                 39577 Woodward Avenue, Suite 300
150 West Jefferson, Suite 100          Bloomfield Hills, MI 48304-5086
Detroit, MI 48226-4450               (248) 203-0806
(313) 983-7475

Keith A. Bishop
KEITH A. BISHOP PLLC
Attorneys for Defendant ACG
1802 Martin Luther King, Jr. Parkway
Suite 105
Durham, NC 27707
(919) 490-1855

---

# DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·39577 WOODWARD AVENUE·SUITE 300·BLOOMFIELD HILLS, MICHIGAN 48304

Defendant, Hartford Underwriters Insurance Company, through its attorneys, Dykema Gossett PLLC, files this motion to dismiss, or in the alternative for summary judgment, pursuant to Fed. R. Civ. P. 12(b)(6) and 56(c) and states that it relies upon the arguments set forth in the attached brief.

Pursuant to Local Rule 7.1(a)(2)(A), there was a conference between attorneys in which Hartford explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

s/Thomas J. Murray
DYKEMA GOSSETT PLLC
Attorneys for Defendant
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304-5086
Phone:  (248) 203-0806
E-Mail:  tmurray@dykema.com
Thomas J. Murray (P56331)

Dated:  June 10, 2005

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

1

**BRIEF IN SUPPORT OF DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY'S MOTION TO DISMISS OR IN THE ALTERNATIVE <u>MOTION FOR SUMMARY JUDGMENT</u>**

<u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF ISSUES PRESENTED .............................................................. v

INTRODUCTION ............................................................................................... 1

FACTS .............................................................................................................. 1

PML Has Failed To Even Allege The Existence Of A Contract With Hartford ...................... 1

The Certificates PML Relies Upon Are Fraudulent ...................................................... 2

The Coverage Letter PML Relies Upon Is Fraudulent ................................................. 3

Hartford Only Issued A Policy To ACG Covering ACG In North Carolina ........................... 4

PML's Workers' Compensation Coverage Agreement Provides PML No Relief Against Hartford ................................................................. 4

Hartford Made No Promises Or Representations To PML ............................................... 5

Hartford Received No Premiums From PML ............................................................. 5

LAW AND ARGUMENT ..................................................................................... 5

I.   PML HAS FAILED TO STATE A CLAIM AGAINST HARTFORD FOR BREACH OF CONTRACT, PROMISSORY ESTOPPEL, OR FRAUD OR, ALTERNATIVELY, THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT PREVENTS THE GRANTING OF SUMMARY JUDGMENT AS TO THESE COUNTS. .................................................. 7

A.  There Is No Contract Between PML And Hartford And PML's Amended Complaint Does Not Even Credibly Allege The Existence Of Such A Contract. ...................... 7

B.  PML Has Failed To State A Claim For Fraud Against Hartford. ...................... 9

C.  PML Has Failed To State A Claim For Promissory Estoppel Against Hartford Because It Has Not Identified A Single Promise Made By Hartford To PML. ........................ 10

II.  HARTFORD IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE IS NO GENUINE ISSUE OF MATERIAL FACT AS TO PML'S REMAINING COUNTS AGAINST HARTFORD. .................................................................................. 11

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY 39577 WOODWARD AVENUE SUITE 300 BLOOMFIELD HILLS, MICHIGAN 48304

i

A. PML's Claim For Unjust Enrichment Fails Because Hartford Did Not Receive Any Premiums From PML............................................................................................................... 11

B. PML's Conspiracy Claim Fails As A Matter Of Law Because There Is No Separate, Actionable Tort. .......................................................................................................................... 12

CONCLUSION ............................................................................................................................. 13

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

## TABLE OF AUTHORITIES

Page(s)

**Cases**

60 Ivy Street Corporation v. Alexander,
  822 F.2d 1432 (6th Cir. 1987) ................................................................... 7

Admiral Ins. Co. v. Columbia Cas. Ins. Co.,
  194 Mich. App. 300; 486 N.W.2d 351 (1992) ............................................ 13

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986) .................................................................................. 6

Chrysler Corp. v. Hardwick,
  299 Mich. 696 (1941) ................................................................................ 8

Detroit Trust Co. v. Struggles,
  289 Mich 595; 286 NW 844 (1939) ............................................................ 8

Early Detection Center, PC v. New York Life Ins. Co.,
  157 Mich. App. 618; 403 N.W.2d 830 (1986) ............................................ 13

Feliciano v. City of Cleveland,
  988 F.2d 649 (6th Cir. 1993) ..................................................................... 7

Henson v. National Aeronautics and Space Administration,
  14 F.3d 1143 (6th Cir. 1994) ..................................................................... 7

Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.,
  989 F. Supp. 838 (E.D. Mich. 1997) .......................................................... 6

Kendall v. Hoover Co.,
  751 F.2d 171 (6th Cir. 1984) ..................................................................... 7

Kuebler v. Equitable Life Assurance Society of the United States,
  219 Mich. App 1; 555 NW2d 496 (1996) ................................................... 10

Leeds v. Meltz,
  85 F.3d 51 (2d Cir. 1996) .......................................................................... 6

Leila Hosp. & Health Center v. Xonics Medical Systems, Inc.,
  948 F.2d 271 (6th Cir., 1991) .................................................................... 11

Martin v. Ohio Turnpike Commission,
  968 F.2d 606 (6th Cir. 1992) ..................................................................... 6

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

Mayer v. Mylod,
    988 F.2d 635 (6th Cir. 1993).............................................................................6

McMath v. Ford Motor Co.
    259 N.W.2d 140 (Mich. Ct. App., 1977) ....................................................10

Minger v. Green,
    239 F.3d 793 (6th Cir. 2001)..........................................................................5

Morgan v. Church's Fried Chicken,
    829 F.2d 10 (6th Cir. 1987)............................................................................6

Schalk v. Teledyne, Inc.,
    1993 U.S. Dist. LEXIS 10885, at *15 (W.D. Mich., 1993) .......................10

Thomas v. Leja,
    187 Mich. App. 418; 468 N.W.2d 58 (1991) ................................................8

Tribeca Broadway Assoc., LLC v. Mount Vernon Fire Ins. Co.,
    5 A.D.3d 198 (N.Y. App. Div. 2004)............................................................8

## Rules

Federal Rule of Civil Procedure 12(b)(6) ...............................................................5, 6

Federal Rule of Civil Procedure 56(c) .......................................................................6

MCR 2.112(B)(1).....................................................................................................10

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·39577 WOODWARD AVENUE·SUITE 300·BLOOMFIELD HILLS, MICHIGAN 48304

## STATEMENT OF ISSUES PRESENTED

1.      Whether PML's claim for breach of contract should be dismissed when PML has failed to identify any contract or policy of insurance between Hartford and PML or any contract or policy of insurance where PML is a named or additional insured?

>       Hartford answers "yes."

>       This Court should answer "yes."

2.      Whether PML's fraud claim against Hartford should be dismissed because PML has not averred facts with particularity, and where Hartford has made no representations to PML?

>       Hartford answers "yes."

>       This Court should answer "yes."

3.      Whether PML's claim for unjust enrichment should be dismissed when PML has no evidence that it paid any premiums to Hartford, and Hartford in fact received no benefit from PML?

>       Hartford answers "yes."

>       This Court should answer "yes."

4.      Whether PML's civil conspiracy count should be dismissed when PML cannot prove a separate, underlying tort against Hartford?

>       Hartford answers "yes."

>       This Court should answer "yes."

5.      Whether the remainder of PML's claims should be dismissed for failure to state a claim or because there is no genuine issue of material fact?

>       Hartford answers "yes."

>       This Court should answer "yes."

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

**INTRODUCTION**

Without attaching a policy of insurance, without attaching a contract of any kind between Plaintiff, PML North America LLC ("PML") and Defendant Hartford Underwriters Insurance Company ("Hartford") and without citing a single provision from any policy of insurance or contract, PML claims it has workers' compensation coverage through Hartford.  PML's amended complaint against Hartford should be dismissed with prejudice for the following reasons.  First, PML can identify no policy of insurance issued by Hartford that provides coverage to PML.  In fact, PML does not identify a single policy or contract to which PML and Hartford are parties.  Second, the only "evidence" presented by PML to support its argument that it has workers' compensation coverage with Hartford, i.e. the certificates of insurance and a December 8, 2004 letter, is unquestionably fraudulent.  Third, Hartford has made no representations to PML that PML has workers' compensation coverage with Hartford.  Finally, PML made no premium payments to Hartford for workers' compensation coverage, and thus Hartford has received no benefit from PML.  For all of the above reasons, PML's amended complaint against Hartford should be dismissed with prejudice.

**FACTS**

Certain of PML's counts against Hartford can be dismissed based upon the pleadings alone.  Other counts against Hartford can be dismissed based upon undisputed facts contained in evidence currently outside the pleadings.  The facts established by the pleadings, and the other undisputed facts outside of the pleadings, are set forth below.

**PML Has Failed To Even Allege The Existence Of A Contract With Hartford**

PML's amended complaint alleges that "PML and Hartford entered into an insurance contract covering, among other things, liability associated with workers' compensation claims." See Amended Complaint, ¶ 21.  PML cites Exhibits A and B of the Amended Complaint in

1

support of its allegation that PML entered into a contract of insurance with Hartford.  However, upon closer examination, neither Exhibit A nor Exhibit B is an insurance contract between Hartford and PML.  Instead, Exhibit A *is a contract between PML and co-defendant ACG Enterprise of NC, Inc. ("ACG"), and is not a contract between PML and Hartford*.  Exhibit B is not a contract at all, but instead contains fifteen certificates of insurance ("Certificates") allegedly issued by co-defendant RTP Insurance of Durham, NC ("RTP").  As a matter of law these Certificates cannot bind or establish coverage, and, as discussed further below, it is clear that the Certificates are fraudulent.

## The Certificates PML Relies Upon Are Fraudulent

PML apparently relies upon the Certificates attached as Exhibit B as a basis for workers' compensation coverage with Hartford.  The undisputed facts show otherwise.  These Certificates were allegedly issued by RTP.  Hartford has no agency relationship of any kind with RTP.  (Ex. A).  Additionally, and perhaps more importantly, PML knew at the time of the filing of the amended complaint that these Certificates were fraudulent and were not issued by RTP.  Before filing the amended complaint, PML subpoenaed the records of RTP that indisputably revealed that (i) Hartford never agreed to provide insurance to PML; (ii) the Certificates attached to the amended complaint did not originate from RTP's office; (iii) the only policy ever issued to ACG was an assigned risk policy covering workers in North Carolina; and (iv) no policy was ever issued by Hartford that lists PML as an insured or additional insured.

RTP, who is a co-defendant and has no incentive to do Hartford any favors, states it best in its response to PML's subpoena:

> No such certificates, their likeness, or anything resembling them, ever originated from the offices of RTP Insurance.  Our office had nothing to do with the creation of these documents.  Today it the first time I have seen them.  Although ACG had insurance with Hartford Insurance, the effective dates listed on the certificate have no correlation with the effective dates on that policy.  *In short, any certificates*

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

*like these which reference RTP Insurance are false, and have no connection with our agency.*

(Ex. B).  RTP later sent a follow up letter to counsel for PML stating "there is no way these [Certificates] EVER were manufactured in, or left our office, and certainly not in a fax or email." (Ex. C) (emphasis in original).  Despite this overwhelming, clear and unambiguous response from RTP, PML still attached these certificates to is amended complaint as alleged evidence of coverage.

**The Coverage Letter PML Relies Upon Is Fraudulent**

PML alleges in paragraph 13 of its amended complaint that "coverage was further confirmed by Michael (sic) ("Michelle") Carrow, Account Manager Underwriter at Hartford, on December 8, 2004." See Amended Complaint, ¶ 13.  After filing the initial complaint, and learning from Hartford that Hartford does not employ anyone by the name of Michael Carrow, but instead employs a Michelle Carrow, PML amended its complaint and now suggests that Ms. Carrow misspelled her own name on the December 8 letter.  This suggestion, in addition to being unbelievable, does not create a genuine issue of material fact in the face of the overwhelming evidence that the letter is a fraud.

Attached as Ex. D is an affidavit from Michelle Hutchins, formerly Michelle Carrow. Mrs. Hutchins swears under oath that (i) she did not author the document; (ii) she was married on November 6, 2004 and has not used her maiden name of Carrow to sign any letters after that date; (iii) the letter is not signed and she always signs her letters; and (iv) there are abnormalities in the font, alignment and information contained in the December 8 letter, as compared to the standard template for a Hartford letter.  All of this evidence leads to the inescapable conclusion that the December 8 letter attached to PML's amended complaint is a fraud.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

**Hartford Only Issued A Policy To ACG Covering ACG In North Carolina**

Glaringly absent from any of the exhibits attached to PML's amended complaint is a policy of insurance. Although no policy is attached, the fraudulent Certificates attached to the amended complaint reference policy number 0351B15303, and show a coverage period of 11/1/04 to 11/1/05. The relevant pages of that policy are attached as Ex. E, and clearly and unambiguously show:

- The named insured on the policy is American Consulting Group, Inc., <u>not</u> PML.

- The policy only covers American Consulting Group in North Carolina, and no other states.

- The policy period is from 12/13/04 to 12/13/05.

- Under "Who Is Insured" section of the policy it states "[y]ou are insured if you are an employer named in Item 1 of the Information Page." The only employer named in Item 1 is American Consulting Group.

The policy on its face simply provides no coverage to PML.

**PML's Workers' Compensation Coverage Agreement Provides PML No Relief Against Hartford**

PML has attached a "Workers' Compensation Coverage Agreement" it entered into with ACG on November 17, 2004 ("Agreement"). PML apparently relies on this Agreement to claim coverage under ACG's policy with Hartford. Hartford is not a party to this Agreement, is not mentioned in the Agreement and never saw this Agreement prior to this lawsuit. The Agreement may provide PML an avenue for recovery against ACG for breach of contract or other counts, but this Agreement certainly does not obligate Hartford to provide PML with workers' compensation coverage. The only policy of insurance Hartford issued was to ACG, for coverage in the state of North Carolina.

**Hartford Made No Promises Or Representations To PML**

PML cannot identify a single representation that Hartford made *to PML* that would have reasonably lead PML to believe it had workers' compensation coverage with Hartford. Understandably, PML's count for promissory estoppel in its amended complaint fails to specify what promises were allegedly made by Hartford. PML merely alleges "Hartford, ACG and RTP made promises to provide workers' compensation coverage to PML, its PEOs and their customers as set forth above." See Amended Complaint, ¶ 33. PML does not set forth any specific "promises" from Hartford, except for the fraudulent Certificates and the December 8 letter, which Hartford has already demonstrated that both are fraudulent and were not issued by Hartford. PML's allegations fail as a matter of law because Hartford made no promises to PML.

**Hartford Received No Premiums From PML**

PML argues that "[i]t is believed that all Defendants received a portion of these premium payments." See Amended Complaint, ¶ 30. Despite this statement, PML can offer no document or evidence that Hartford received a dime from PML for payment of workers' compensation premiums. Further, ACG denies in its answer to the amended complaint that Hartford shared in any payments made by PML to ACG. See ACG's Answer to Amended Complaint, ¶ 30. The simple fact is that Hartford received no such payment from PML, and if PML has any evidence that would create a genuine issue of material fact regarding that issue, it should come forward with it now.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Minger v. Green, 239 F.3d 793, 797 (6th Cir. 2001).

5

In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

The Court will not, however, presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). The Court will not dismiss a cause of action "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

Should the Court decide that certain of PML's claims survive based upon the pleadings alone, then it is appropriate for the Court to convert the motion to dismiss to a motion for summary judgment and look outside the pleadings. Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 989 F. Supp. 838, 841 (E.D. Mich. 1997). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Id. Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. Martin v. Ohio Turnpike Commission, 968 F.2d 606, 608 (6th Cir. 1992); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In considering a motion for

summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party. 60 Ivy Street Corporation v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. Id. at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. Id. at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984). In other words, the disputed fact must be one which might affect outcome of *842 the suit under the substantive law controlling the issue. Henson v. National Aeronautics and Space Administration, 14 F.3d 1143, 1148 (6th Cir. 1994). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. Accordingly, where a reasonable jury could not find that the non-moving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. Feliciano v. City of Cleveland, 988 F.2d 649 (6th Cir. 1993).

I.    **PML HAS FAILED TO STATE A CLAIM AGAINST HARTFORD FOR BREACH OF CONTRACT, PROMISSORY ESTOPPEL, OR FRAUD OR, ALTERNATIVELY, THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT PREVENTS THE GRANTING OF SUMMARY JUDGMENT AS TO THESE COUNTS.**

   A.    **There Is No Contract Between PML And Hartford And PML's Amended Complaint Does Not Even Credibly Allege The Existence Of Such A Contract.**

"In Michigan, the essential elements of a valid contract are (1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." Thomas v. Leja, 187 Mich. App. 418, 422; 468 N.W.2d 58, 60

(1991) (quoting <u>Detroit Trust Co. v. Struggles</u>, 289 Mich 595; 286 NW 844 (1939)).  PML's

breach of contract claim against Hartford fails as a matter of law because PML fails to plead or

meet any of the elements of a valid contract with Hartford.

PML has not identified or produced a policy of insurance between Hartford and PML for

workers' compensation insurance coverage.  PML also failed to identify a policy on which it is a

named or additional insured.  The reason for this failure is that no such policy exists.  PML has

not even pleaded that it has a contract of insurance with Hartford.  Instead, PML has alleged that

it had a contract with ACG for ACG to provide workers' compensation coverage to PML.

PML's amended complaint alleges that PML *contracted with ACG* for workers' compensation

insurance, and PML attached a contract between PML and ACG.  <u>See</u> Amended Complaint, ¶ 11

and Ex. A.  These allegations, even if assumed to be true, do not state a claim against Hartford

for breach of contract, but instead state a claim for breach of contract against ACG.

PML alleges in ¶ 21 of the amended complaint that "PML and Hartford entered into an

insurance contract covering, among other things, liability associated with workers' compensation

claims."  However, and despite this allegation, PML references and attaches only the contract

between *PML and ACG* (i.e., not a contract between PML and Hartford) and the fraudulent

Certificates.  Neither of these exhibits is an "insurance contract" between PML and Hartford.

Further, even if legitimate, the Certificates themselves, expressly state that they are "issued as a

matter of information only and confer no rights upon the certificate holder."  <u>See</u> Ex. B to

Amended Complaint.  It is a matter of basic insurance contract law that certificates of insurance

cannot be relied upon to establish contractual rights and do not bind coverage.  <u>Chrysler Corp. v.

Hardwick</u>, 299 Mich. 696, 700 (1941); *see also*, <u>Tribeca Broadway Assoc., LLC v. Mount

Vernon Fire Ins. Co.</u>, 5 A.D.3d 198, 200 (N.Y. App. Div. 2004) (attached as Ex. F) (holding a

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

"certificate of insurance is only evidence of a carrier's intent to provide coverage but is not a contract to insure the designated party nor is it conclusive proof, standing alone, that such a contract exists.").

Although PML has failed to attach any policy of insurance, the Certificates identify a policy number of 0351B15303.  That policy was issued by Hartford to ACG for coverage in the State of North Carolina only.  (Ex. E).  That policy is clear and unambiguous and shows that (i) the named insured on the policy is American Consulting Group, Inc., not PML; (ii) the policy only covers workers in North Carolina, and no other states; and (iii) the policy period is from 12/13/04 to 12/13/05, not 11/1/04 to 11/1/05 as identified on the Certificates.  The only employer named in Item 1 is American Consulting Group.  The policy on its face simply provides no coverage to PML.

PML has failed to state a claim upon which relief may be granted as to its breach of contract claim against Hartford, and thus it should be dismissed with prejudice.[1]

### B.    PML Has Failed To State A Claim For Fraud Against Hartford.

Federal Rule of Civil Procedure 9(b) requires that averments of fraud be stated with particularity.  The Sixth Circuit reads rule 9(b)'s requirement "liberally, ... requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  Coffey v. Foamex L.P., 2 F.3d 157, 161- 62 (6th Cir. 1993).  Even with this liberal reading "allegations of fraudulent misrepresentation[s] must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." Id. at 162.

---

[1] For the same reasons, this Court should dismiss PML's declaratory judgment count.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

The elements of fraud include: (1) that the defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or that he made it recklessly without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that the plaintiff should act on it; (5) that the plaintiff acted in reliance upon it; and (6) that the plaintiff thereby suffered injury.  Kuebler v. Equitable Life Assurance Society of the United States, 219 Mich. App 1, 6; 555 NW2d 496 (1996).

In support of its fraud claim against Hartford, PML alleges that Hartford, ACG and RTP collectively "represented to PML that PML either would be provided, or did have the appropriate workers' compensation coverage that PML had requested, required and paid for."  See Amended Complaint, ¶ 39.  This is the type of general allegation that is not allowed to support a fraud claim.  It is uncertain who at Hartford allegedly made these alleged representations to PML, what those representations were, when these representations were made, or to whom at PML they were made.  PML has failed to state a claim for fraud against Hartford with particularity, and thus the fraud count against Hartford should be dismissed.

**C.    PML Has Failed To State A Claim For Promissory Estoppel Against Hartford Because It Has Not Identified A Single Promise Made By Hartford To PML.**

The allegations in a claim for promissory estoppel must be "specific[] as to what [the] defendant said or did that led [the] plaintiff to rely to his detriment."  McMath v. Ford Motor Co. 259 N.W.2d 140, 143 (Mich. Ct. App., 1977).  The party asserting promissory estoppel must point to a specific promise made by the other party.  Schalk v. Teledyne, Inc., 1993 U.S. Dist. LEXIS 10885, at *15 (W.D. Mich., 1993).  To succeed, a promissory estoppel claim should be supported by "clear and definite language" from the defendant.  Evidence that only "support[s] an inference" of a promise does not meet the promissory estoppel standard in Michigan. Id.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

"Reliance on an unclear promise . . . [is] not reasonable." <u>Leila Hosp. & Health Center v. Xonics Medical Systems, Inc.</u>, 948 F.2d 271, 275 (6th Cir., 1991).

Like PML's fraud claim against Hartford, its promissory estoppel claim fails to identify with detail the alleged promises made by Hartford. PML simply makes the bare allegation that "Hartford, ACG and RTP made promises to provide workers' compensation coverage to PML, its PEOs and their customers as set forth above." <u>See</u> Amended Complaint, ¶ 33. Again, who at Hartford made these promises? When were these promises made? To whom were the promises made? Were the promises in writing or verbal? PML's allegations against Hartford lack the specific information that is required to sustain a claim for promissory estoppel. It is unclear what PML is referring to when it states "as set forth above", but Hartford has already demonstrated that the December 8 letter was fraudulent, the Certificates were fraudulent and the Certificates cannot bind coverage as a matter of law. PML has not and cannot identify anyone at Hartford who made a single representation or promise to PML that PML had workers' compensation coverage with Hartford.

**II.    HARTFORD IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE IS NO GENUINE ISSUE OF MATERIAL FACT AS TO PML'S REMAINING COUNTS AGAINST HARTFORD.**

Hartford is entitled to summary judgment on the remaining counts against it because there is no genuine issue of material fact regarding these claims, and Hartford is entitled to judgment as a matter of law.

**A.    PML's Claim For Unjust Enrichment Fails Because Hartford Did Not Receive Any Premiums From PML.**

PML alleges that it "paid valuable sums, via its agreement with ACG, for the coverage, maintenance and provision of the Policy issued by Hartford. It is believed that all Defendants received a portion of these premium payments." <u>See</u> Amended Complaint, ¶ 30. Despite this

allegation, even ACG denies that any of the payments made by PML to ACG were shared with Hartford.  See ACG's Answer to the Amended Complaint, ¶ 30.  No amount of discovery will change the fact that Hartford did not receive a dime from PML to provide workers' compensation coverage to PML.

PML's own allegations show how ridiculous its claims are against Hartford, and that, if anything, ACG perpetrated a fraud on PML.  PML alleges that it paid in excess of $38,000 in premiums to ACG and RTP (not Hartford) for workers' compensation insurance coverage.  Hartford's records reveal that ACG was charged $689 for the policy period 12-13-03 to 12-13-04.  (Ex. G).  After an initial year audit, Hartford charged PML $9268 for the coverage period 12-13-04 to 12-13-05 and eventually canceled the policy due to nonpayment of premium.  (Ex. H).  Even if PML provides proof regarding the $38,000 for premiums to ACG, it is clear that none of this money went to Hartford, and that ACG was perpetrating a fraud on PML by collecting these sums from PML.  ACG's total liability to Hartford for premiums was only approximately $10,000 for a two year period, yet ACG allegedly collected $38,000 in premium from PML in a few short months.  Again, PML may have a claim against ACG, but it paid no premiums to Hartford and Hartford was not unjustly enriched by PML.

PML's unjust enrichment claim should be dismissed because Hartford received no benefit from PML, and in fact has suffered a detriment by having to defend this frivolous lawsuit.  In any event, PML cannot create a genuine issue of material fact on the issue of Hartford receiving premium from PML.

**B.    PML's Conspiracy Claim Fails As A Matter Of Law Because There Is No Separate, Actionable Tort.**

"A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or

unlawful means." <u>Admiral Ins. Co. v. Columbia Cas. Ins. Co.</u>, 194 Mich. App. 300, 313; 486

N.W.2d 351 (1992). However, "a claim for civil conspiracy may not exist in the air; rather, it is

necessary to prove a separate, actionable tort." <u>Early Detection Center, PC v. New York Life</u>

<u>Ins. Co.</u>, 157 Mich. App. 618, 632; 403 N.W.2d 830 (1986). PML's conspiracy claim against

Hartford fails as a matter of law because, as set forth above, PML cannot prove a separate,

actionable tort against Hartford. Without a separate, actionable tort, PML cannot maintain a

conspiracy claim against Hartford, and thus the conspiracy claim should be dismissed.

## CONCLUSION

PML asks this Court to order Hartford to provide workers' compensation coverage to

PML when PML cannot demonstrate it paid any money to Hartford for coverage, and cannot

produce a single document that shows it was a named or additional insured on a Hartford policy.

PML very well may have been defrauded by co-defendants ACG and/or RTP, but this alleged

fraud does not give PML a cause of action against Hartford. Hartford's motion to dismiss, or in

the alternative motion for summary judgment, should be granted and PML's claims against

Hartford should be dismissed with prejudice.

s/Thomas J. Murray
DYKEMA GOSSETT PLLC
Attorneys for Defendant
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304-5086
Phone: (248) 203-0806
E-Mail: tmurray@dykema.com
Thomas J. Murray (P56331)

Dated: June 10, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Michael Latiff.

I have also forwarded a copy to the following non-ECF participants:  Keith A. Bishop, Keith A. Bishop, PLLC, 1802 Martin Luther King, Jr. Parkway, Suite 105, Durham, NC 27707, and John Gilchrist, RTP Insurance, 3325 Chapel Hill Blvd., Suite 145, Durham, NC 27707 via First Class U.S. Mail.

<div style="margin-left: 40%">

s/Thomas J. Murray
DYKEMA GOSSETT PLLC
Attorneys for Defendant
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI  48304-5086
Phone:  (248) 203-0806
E-mail:  tmurray@dykema.com
Thomas J. Murray (P56331)

</div>

BH01\526936.1
ID\TJMU