UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PML NORTH AMERICA, LLC,

        Plaintiff,

                                 Case No. 05-CV-70404-DT

v.

                                 Hon. Robert H. Cleland

HARTFORD UNDERWRITERS
INSURANCE COMPANY, ACG
ENTERPRISES OF NC, INC. and
RTP INSURANCE OF DURHAM, NC,

        Defendants.

---

BUTZEL LONG
James J. Giszczak (P46917)
Michael G. Latiff (P51263)
Katherine Donohue Goudie (P62806)
150 West Jefferson, Suite 100
Detroit, MI 48226-4450
(313) 225-7000
Attorneys for Plaintiff

DYKEMA GOSSETT PLLC
Thomas J. Murray (P56331)
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304-5086
(248) 203-0806
Attorney for Defendant Hartford
Underwriters Insurance Company

Keith Bishop, Esq. (N.C. Bar No. 18918)
Madison Center, Suite 105
1802 Martin Luther king, Jr. Parkway
Durham, North Carolina 27707
(919) 490-1855
Attorney for Defendant ACG Enterprises of
NC, Inc.

John Edward Gilchrist, pro se
3325 Chapel Hill Blvd., Suite 145
Durham, NC 27707
(919) 401-6556
Defendant RTP Insurance of Durham, NC

---

**PLAINTIFF PML NORTH AMERICA, LLC'S BRIEF IN SUPPORT
OF ITS CROSS-MOTION TO CONDUCT DISCOVERY AND IN
OPPOSITION TO DEFENDANT HARTFORD UNDERWRITERS
INSURANCE COMPANY'S MOTION TO DISMISS OR, IN THE
<u>ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT</u>**

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## STATEMENT OF THE ISSUES PRESENTED

1.    Whether this Court should deny Defendant Hartford Underwriters Insurance Company's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(f) because Plaintiff PML North America, LLC has not had an opportunity to conduct discovery?

    Plaintiff PML North America, LLC answers:                    Yes

    Defendant Hartford Underwriters Insurance Company answers:    No


2.    Whether this Court should deny Defendant Hartford Underwriters Insurance Company's Motion for Summary Judgment because Defendant raises a question of fact regarding the fraudulent preparation and forgery of the certificates of insurance and Defendant's coverage letter?

    Plaintiff PML North America, LLC answers:                    Yes

    Defendant Hartford Underwriters Insurance Company answers:    No


3.    Whether this Court should deny Defendant Hartford Underwriters Insurance Company's Motion to Dismiss because Plaintiff PML North America, LLC has sufficiently alleged claims for breach of contract, fraud, and promissory estoppel against Defendant?

    Plaintiff PML North America, LLC answers:                    Yes

    Defendant Hartford Underwriters Insurance Company answers:    No

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

**Cases:**

*Andersen v. Liberty Lobby,* 477 U.S. 242 (1986)

*ATD Corp. v. DaimlerChrysler Corp.*, 261 F. Supp. 2d 887 (1993)

*Bender v. Southland Corp.*, 749 F.2d 1205 (6th Cir. 1984)

*Celotex Corp. v. Catreet*, 477 U.S. 317 (1986)

*Cissel v. Dutch*, 125 U.S. 171 (1888)

*Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674 (6th Cir. 1988)

*Mich. Heritage Bank v. Fed. Ins. Co.*, No. 245832, 2004 Mich. App. LEXIS 2143
   (Mich. App. Aug. 12, 2004)

*Phillips v. Rahal*, No. 239624, 2003 Mich. App. LEXIS 2480 (Mich. App. Sept. 30, 2003)

*Rose v. Bartle*, 871 F.2d 331, 355 (3rd Cir. 1989)

*Vance v. United States*, 90 F.3d 1145 (6th Cir. 1996)

*White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229 (6th Cir. 1994)

**Statutes:**

M.C.L. § 600.1405

**Rules:**

Fed. R. Civ. P. 8

Fed. R. Civ. P. 9(b)

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 26(f)

Fed. R. Civ. P. 56

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## TABLE OF CONTENTS

INDEX OF AUTHORITIES…………………………………………………………………..vi

INTRODUCTION………………………………………………………………………...1

FACTUAL AND PROCEDURAL BACKGROUND…………………………………2

    A.  Factual Background…………………………………………………………2

        1.  PML and Its Business……………………………………….…………..2

        2.  PML's Need for Workers' Compensation Insurance………………………..…3

        3.  PML's Coverage under the Hartford Policy………………………..…………....3

        4.  The Effect of Hartford's Improper Denial of Coverage…………………………4

    B.  Procedural History…………………………………………………………4

STANDARD OF REVIEW……………………………………………………………5

    A.  Hartford's Motion Fails Under Federal Rule of Civil Procedure 56…………………..6

    B.  Hartford's Motion Fails Under Federal Rule of Civil Procedure 12(b)(6)……………7

ARGUMENT…………………………………………………………………………8

    A.  This Court Should Deny Hartford's Motion for Summary Judgment Because
       PML Is Entitled to Discovery under Federal Rule of Civil Procedure 56(f)…………..8

    B.  This Court Should Deny Hartford's Motion Because the Alleged Forgery
       and Fraudulent Preparation of the Hartford Certificates of Insurance and
       Coverage Letter Constitute a Question of Fact…………………….…………………12

    C.  This Court Should Deny Hartford's Motion to Dismiss Because PML Has
       Sufficiently Plead Claims for Breach of Contract, Promissory Estoppel, and
       Fraud Against Hartford…………………………………………………………13

        1.  PML Has Sufficiently Plead Breach of Contract Against Hartford………………14

        2.  PML Has Sufficiently Plead Promissory Estoppel Against Hartford……………16

3.  PML Has Sufficiently Plead Fraud Against Hartford……………………………17

CONCLUSION…………………………………………………………………………………20

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## INDEX OF AUTHORITIES

**Cases:**

*Allen County for the Env't Inc. v. BP Oil Co.,* 762 F. Supp. 733
(N.D. Ohio 1991)……………………………………………………………….…..6

*Andersen v. Liberty Lobby,* 477 U.S. 242 (1986)…………………………………………..7

*ATD Corp. v. DaimlerChrysler Corp.*, 261 F. Supp. 2d 887 (1993)………………………....16

*Bender v. Southland Corp.*, 749 F.2d 1205 (6th Cir. 1984)………………………………17, 18

*Benedict v. Cooperstock*, 23 F. Supp. 2d 754 (E.D. Mich. 1998)……………………………18

*Celotex Corp. v. Catreet*, 477 U.S. 317 (1986)……………………………………………...6, 9

*Cissel v. Dutch*, 125 U.S. 171 (1888)………………………………………………………12

*Conley v. Gibson*, 355 U.S. 41 (1957)……………………………………………………7, 8

*Federal Info. Sys., Corp. v. Boyd*, 753 F. Supp. 971 (D.D.C. 1990)…………………………13

*GLM Corp. v. Klein*, 684 F. Supp. 1242 (S.D.N.Y. 1988)……………………………………13

*Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813 (Mich. 1976)…………………..18

*Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990)……….…………………………………..8

*Matousek v. General Elec. Co.*, No. 86-CV-74116-DT, 1989 U.S. Dist.
LEXIS 17864 (E.D. Mich. Sept. 28, 1989)……………………………………………...14

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)……………………..6

*Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674 (6th Cir. 1988)………………17, 18

*Mich. Heritage Bank v. Fed. Ins. Co.*, No. 245832, 2004 Mich. App. LEXIS
2143 (Mich. App. Aug. 12, 2004)……………..………………………………………….15

*Motobecane Am., Ltd. v. Patrick Petroleum Co.,* 791 F.2d 1248, 1251
(6th Cir. 1986)………………………………………………………………………...16

*Phillips v. Rahal*, No. 239624, 2003 Mich. App. LEXIS 2480
(Mich. App. Sept. 30, 2003)……………………………………………………………12

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

*Rose v. Bartle*, 871 F.2d 331, 355 (3rd Cir. 1989)……………………………………………13

*Tee-Pak, Inc. v. St. Regis Paper Co.*, 491 F.2d 1193 (6th Cir. 1974)…………………………6

*United States v. Diebold, Inc.*, 369 U.S. 654 (1962)………………………………………13

*Vance v. United States*, 90 F.3d 1145 (6th Cir. 1996)……………..…………………..9

*White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229 (6th Cir. 1994)…………….. ….9

**Statutes:**

M.C.L. § 600.1405……………………………………………………………………15

**Rules:**

Fed. R. Civ. P. 8……………………………………………………………13, 18, 20

Fed. R. Civ. P. 8(e)(2)…………………………………………………..16

Fed. R. Civ. P. 9(b)……………………………………………...17, 18, 20

Fed. R. Civ. P. 12(b)(6)…………………………………………1, 5, 7, 20

Fed. R. Civ. P. 26(f)…………………………………………………….5, 8

Fed. R. Civ. P. 56…………………………………………………5, 6, 7

Fed. R. Civ. P. 56(c)……………………………………………………6

Fed. R. Civ. P. 56(f)………………………………………....1, 2, 8, 11, 20

**Other Authorities:**

5A C. Wright & A. Miller, *Federal Practice and Procedure*………………………...7, 13

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## INTRODUCTION

Defendant Hartford Underwriters Insurance Company's ("Hartford") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is clearly premature. Hartford seeks dismissal and/or summary judgment of this matter <u>before</u> the commencement of discovery under the Federal Rules of Civil Procedure has occurred. Nothing Hartford raises in its Motion, however, constitutes a pure question of law. Hartford bases its Motion on the contention that the certificates of insurance "are unquestionably fraudulent." (Hartford's Brief at 1.) Questions pertaining to the forgery of documents, however, are questions of fact for the jury. At the very least, PML should have the opportunity to take the depositions of Hartford's employees who claim that the Hartford documents were forged.

Moreover, the Defendants have engaged in a game of finger pointing as to which party should take the blame for fraudulently interfering with Plaintiff PML North America, LLC's ("PML") coverage for workers' compensation insurance. Discovery is crucial to sort through Defendants' shell game and uncover the truth.

Because Hartford relies on evidence outside of the pleadings (e.g., affidavits of its employees and correspondence with a co-defendant), Hartford's entire Motion should be treated as one for summary judgment. *See* Fed. R. Civ. P. 12(b)(6). Pursuant to Federal Rule of Civil Procedure 56(f) and the supporting affidavit attached as Exhibit A hereto, this Court should deny Hartford's Motion and allow PML the opportunity to conduct discovery.

With respect to Hartford's Motion to Dismiss for failing to state a claims for breach of contract, promissory estoppel, and fraud, PML has sufficiently plead the elements for each

claim and has done so with particularity.    PML's First Amended Complaint consequently places Hartford on notice of the claims against it.

Because Hartford has prematurely filed this Motion, this Court should deny Hartford's Motion and grant PML's Cross-Motion to Conduct Discovery pursuant to Federal Rule of Civil Procedure 56(f).

### FACTUAL AND PROCEDURAL BACKGROUND

**A.    Factual Background.**

**1.    PML and Its Business.**

PML is a holding company in the business of obtaining and providing insurance for numerous professional employer organizations ("PEOs"), including a number of PEOs for which PML is the majority owner.  (*See* First Amended Complaint ("Am. Compl.") at ¶ 7.) As part of PML's obligation and agreement with its PEOs, PML must obtain workers' compensation insurance for the PEOs as well as the PEOs' clients.  (*Id.* at ¶ 8.)

By way of background, the PEOs in this case are companies such as Worldwide Personnel Services of Maine, Inc., Worldwide Personnel Services of Virginia, LLC, and Alliance Staff Services, Inc. ("Alliance").[1]    The PEOs enter into co-employment arrangements with existing businesses in order to centralize and coordinate human resources and to obtain better insurance rates for these businesses.  For example, Alliance, as a PEO, entered into a co-employment arrangement with a New Jersey company, West Valley Restoration ("West Valley").    As a result, both Alliance and West Valley are the co-

---

[1]    PML North America is the majority shareholder in these PEO corporations and/or limited liability companies.

2

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

employers of the West Valley employees, who are insured for workers' compensation coverage by Alliance via Alliance's contract with PML to obtain workers' compensation insurance.

### 2.    PML's Need for Workers' Compensation Insurance.

In the Fall of 2004, PML was notified by its existing workers' compensation insurer, The Accident Fund of Michigan ("The Accident Fund"), that The Accident Fund was reducing the number of states in which it was providing insurance. Therefore, in certain states in which PML's PEOs were operating, it was necessary for PML to obtain workers' compensation insurance through a separate insurer.

PML was referred to Defendant ACG Enterprises of NC, Inc. ("ACG") for assistance in obtaining workers' compensation insurance. (*Id.* at ¶ 9.) ACG assured PML that it could obtain the insurance for PML, and based upon these assurances, on November 17, 2004, PML contracted with ACG to obtain workers' compensation insurance. (*Id.* at ¶ 11; Ex. A. to the Am. Compl.) ACG then used its insurance broker, Defendant RTP Insurance of Durham, NC ("RTP Insurance") to obtain coverage for PML. (Am. Compl. at ¶ 12.)

### 3.    PML's Coverage under the Hartford Policy.

ACG informed PML that ACG had obtained insurance coverage, through RTP on behalf of PML, from Hartford for all of PML's PEOs, its owners, and their clients. (*Id.*) PML received numerous certificates of liability insurance, which reference the effective policy (Number 0351B15303) ("Policy"). (Ex. B to the Am. Compl.) These certificates identify PML, its PEOs, and the PEOs' customers as the insured under the Policy with Hartford. (*Id.*)

3

On December 8, 2004, PML's coverage was further confirmed in a letter from an account manager underwriter at Hartford. (Ex. C to the Am. Compl.) PML also paid in excess of $38,000.00 in premiums to ACG and RTP for the Hartford Policy. (*Id.* at ¶ 18.)

These certificates for the Policy indicate that the insurance was produced through RTP Insurance and insures ACG, PML, and a variety of the PEOs including Alliance. (Ex. B to the Am. Compl.)

### 4.    The Effect of Hartford's Improper Denial of Coverage.

At some time in late December 2004 or early January 2005, Hartford began denying PML's demands for additional certificates of insurance for its PEOs. (Am. Compl. at ¶ 23.) As a result, all the entities who were to be covered, as bargained for when the insurance coverage was obtained, and who are covered under these policies, have been unable to provide the necessary proof of insurance to state agencies. Consequently, the state agencies in Virginia, Oklahoma, Maine, Nebraska, Missouri and others have threatened the immediate shut down and lock out of operations for these companies unless they can provide the necessary certificates of insurance.

### B.    Procedural History.

On February 2, 2005, PML filed its original Complaint against Hartford with this Court. PML issued subpoenas to ACG and RTP Insurance, while allowing Hartford an extension to file its responsive pleading.

After review on the documents produced in response to the subpoenas to ACG and RTP Insurance, PML filed its First Amended Complaint, adding ACG and RTP Insurance as defendants, on May 10, 2005. In its Amended Complaint, PML has set forth the following

4

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

claims against Hartford: breach of contract, declaratory judgment, unjust enrichment, promissory estoppel, fraud and misrepresentation, and conspiracy. On May 13, 2005, Hartford filed its Answer to PML's First Amended Complaint. (ACG has subsequently filed its Answer, and RTP Insurance's Answer was stricken by this Court for RTP Insurance's failure to be represented by counsel.)

Because RTP Insurance now has until July 28, 2005 to file an appearance by counsel, the parties' counsel conference and the Federal Rule of Civil Procedure 26(f) conference will not be held until August 2005 pursuant to this Court's February 8, 2005 Order Requiring Rule 16 and Rule 26(f) Scheduling Conference. Consequently, the parties have not filed their initial disclosures, nor have they had an opportunity to conduct discovery.

## STANDARD OF REVIEW

Hartford filed a Motion to Dismiss pursuant to Rule 12(b)(6), and alternatively a Motion for Summary Judgment pursuant to Rule 56, on PML's claims for breach of contract, promissory estoppel, and fraud. In its Motion, Hartford also requests that this Court grant summary judgment against PML on its claims for unjust enrichment and conspiracy.

Nevertheless, Hartford's Motion in its entirety should be treated as one for summary judgment pursuant to Rule 56 and not as a motion to dismiss pursuant to Rule 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) requires that a motion be treated as one for summary judgment when the movant relies on matters outside of the pleadings:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

5

Hartford filed an Answer to PML's Amended Complaint on May 13, 2005 before filing its

Motion on June 10, 2005.  Hartford relies on evidence outside of the pleadings by attaching

the following exhibits:

§    the Affidavit of its employee Richard Smith, Manager and Property Casualty
Licensing/Contracting Department of The Hartford (Ex. A to Hartford's Brief);

§    RTP's letter responses to the subpoena (Ex. B and C to Hartford's Brief);

§    the Affidavit of Michelle Hutchins, Account Manager Underwriter at St. Paul
Travelers (Ex. D to Hartford's Brief); and

§    Notices of past due premiums and cancellation to ACG (Ex. G and H to
Hartford's Brief).

As such, Hartford's Motion should be treated as one for summary judgment.

**A.**    **Hartford's Motion Fails Under Federal Rule of Civil Procedure 56.**

Summary judgment is not appropriate when, as here, there is a genuine issue of

material fact.  *See* Fed. R. Civ. P. 56(c).  When ruling on a motion filed under Rule 56(c), the

Court's function is to determine if any genuine issue exists, not to resolve any factual issues,

and to deny summary judgment if such an issue exists.  *United States v. Diebold, Inc*., 369

U.S. 654 (1962); *Tee-Pak, Inc. v. St. Regis Paper Co*., 491 F.2d 1193 (6th Cir. 1974)

(emphasis added).  The moving party has the initial burden of showing the absence of a

genuine issue of material fact as to an essential element of the non-movant's case.  *Celotex

Corp. v. Catreet*, 477 U.S. 317 (1986).  All facts and inferences must be viewed in the light

most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*

475 U.S. 574, 587 (1986).  The opposing party "need only present evidence from which a jury

might return a verdict in his favor." *Allen County for the Env't Inc. v. BP Oil Co.,* 762 F.

Supp. 733, 739 (N.D. Ohio 1991).

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

With respect to the timing of the motion for summary judgment, courts have consistently denied summary judgment when, as here, the motion is prematurely made and the plaintiff has not had a "full opportunity to conduct discovery." *Andersen v. Liberty Lobby,* 477 U.S. 242 (1986).  Accordingly, Hartford's Motion should be denied because it is premature and presents a question of fact.

**B.    Hartford's Motion Fails Under Federal Rule of Civil Procedure 12(b)(6).**

As discussed above, Hartford's Motion to Dismiss PML's claims for breach of contract, promissory estoppel, and fraud relies on evidence outside of the pleadings (e.g., the affidavits of its employees and agents on the forgery of the certificates of insurance and coverage letter).  For this reason, Hartford's "Motion to Dismiss" should be treated as a motion for summary judgment, and PML should "be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b)(6).

To the extent this Court determines that Hartford's Motion to Dismiss PML's claims for breach of contract, promissory estoppel, and fraud relies on the pleadings only, the Motion will be reviewed pursuant to Rule 12 of the Federal Rules of Civil Procedure.  A motion brought pursuant to Rule 12(b)(6) "test[s] the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merit of the case." 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1356 at p. 294 (1990) (footnote with citations omitted) (emphasis added).  A 12(b)(6) motion is viewed with disfavor. *Id.* at § 1357, p. 321 (footnote with citations omitted).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 325 (quoting *Conley v.*

7

*Gibson*, 355 U.S. 41, 45-46 (1957)) (emphasis added). As a result, "[w]hether plaintiff can prevail is a matter properly determined on the basis of proof and not merely on the pleadings." *Id.* at 341 (footnote with citations omitted). The burden is on the movant to demonstrate that no claim has been stated upon which relief can be granted. Further, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990) (quoting *Conley*, 355 U.S. at 47). PML's Amended Complaint does so. Indeed, Hartford was able to answer PML's allegations. Therefore, Hartford's Motion to Dismiss should be denied.

## ARGUMENT

**A.     This Court Should Deny Hartford's Motion for Summary Judgment Because PML Is Entitled to Discovery under Federal Rule of Civil Procedure 56(f).**

Hartford is not entitled to summary judgment on any claims because PML has not been afforded a sufficient opportunity to conduct discovery. Indeed, the parties have not held their Rule 26(f) scheduling conference, have not exchanged initial disclosures, and have not taken depositions.

In recognizing the need for discovery, Federal Rule of Civil Procedure 56(f) provides the non-movant with a mechanism to respond to a premature motion and request discovery:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In addition, federal courts have consistently held that summary judgment is improper where, as here, the non-movant is not afforded a sufficient opportunity for discovery. The

Sixth Circuit in *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229 (6th Cir. 1994),

reversed the district court's grant of summary judgment and reasoned:

> Yet we nevertheless conclude that summary judgment should not have been awarded until the plaintiffs were allowed some opportunity for discovery. Rule 56(c) of the Federal Rules of Civil Procedure provides courts with a useful method by which meritless cases may be discharged. <u>However, the benefits of this rule are quickly undermined if it is employed in a manner that offends concepts of fundamental fairness.  In the instant case, we find that the grant of summary judgment, absent *any* opportunity for discovery, is such a misuse.</u>
>
> Our conclusion that some discovery must be afforded the non-movant before summary judgment is granted is supported by the Supreme Court's holdings in both *Anderson* [supra] and *Celotex Corp. v. Catrett*, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).  In *Anderson*, the Court discussed the shifting burdens that each party must bear within the context of summary judgment and found that the movant has the burden of proving that no genuine issues of material fact exist, while the plaintiff has the burden of proving specific facts which demonstrate that a triable issue is indeed present.  477 U.S. at 256.  With regard to the burden the non-movant must bear, the Court further commented:
>
> > the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, <u>as long as the plaintiff has had a full opportunity to conduct discovery</u>.
>
> *Id.* at 257 (emphasis added).  <u>It follows that a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery.</u>
>
> A similar interpretation of Rule 56(c) was adopted by the Court in *Celotex*, where the Court found that "the plain language of Rule 56(c) mandates the entry of summary judgment, <u>after adequate time for discovery</u>." 477 U.S. at 322 (emphasis added).

*Id.* at 231-32 (emphasis added).  *See also Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir.

1996) (concluding that an order granting summary judgment should have been vacated when

defendant's summary judgment motion was filed before the parties conducted discovery).

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

The non-moving party, however, has the obligation to inform the court of its need for discovery: "[B]efore a summary judgment motion is decided, the nonmovant must file an affidavit pursuant to Fed. R. Civ. P. 56(f) which details the discovery needed, or file a motion for additional discovery." *Vance,* 90 F.3d. at 1149.

In support of its Motion, Hartford makes many self-serving conclusions of fact as to matters outside of the pleadings:

§    "the Certificates PML relies upon are fraudulent" (Hartford's Brief at 2);

§    "the coverage letter PML relies upon is fraudulent" (Hartford's Brief at 3);

§    "Hartford made no promises or representations to PML" (Hartford's Brief at 5); and

§    "Hartford received no premiums from PML" (Hartford's Brief at 5).

A review of the pleadings also demonstrates that the existence of questions of fact, upon which the Defendants disagree. For example, in its Answer, ACG "admits that it paid the insurance premiums demanded by the Hartford [sic] as consideration for the policy coverage." (ACG's Answer at ¶ 18.)

Hartford also attaches several documents outside of the pleadings:

§    the Affidavit of its employee Richard Smith, Manager and Property Casualty Licensing/Contracting Department of The Hartford (Ex. A to Hartford's Brief);

§    RTP's letter responses to the subpoena (Ex. B and C to Hartford's Brief);

§    the Affidavit of Michelle Hutchins, Account Manager Underwriter at St. Paul Travelers (Ex. D to Hartford's Brief); and

§    Notices of past due premiums and cancellation to ACG (Ex. G and H to Hartford's Brief).

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

In accordance with Rule 56(f) and binding Sixth Circuit law, PML should be entitled to conduct discovery and investigate Hartford's conclusions of fact. Accordingly, PML has attached the Affidavit of its counsel, Michael G. Latiff, describing PML's discovery needs. (*See* Latiff Affidavit attached as **Exhibit A** hereto.) As demonstrated by Mr. Latiff's Affidavit, PML plans to propound written discovery on the Defendants regarding, among other things, the Policy and insurance coverage at issue. (**Exhibit A** at ¶ 7.) In addition, PML may take the depositions of:

§    Hartford and/or The Hartford Group's current and former employees, agents, and/or representatives including, but not limited to, Richard Smith (whose affidavit is attached to Hartford's Motion);

§    St. Paul Traveler's current and former employees, agents, and/or representatives including, but not limited to, Michelle Hutchins (whose affidavit is attached to Hartford's Motion);

§    RTP Insurance's current and former employees, agents, and/or representatives including, but not limited to, John Edward Gilchrist, Lauren Anne Gilchrist, and Lorena Amaya; and/or

§    ACG's current and former employees, agents, and/or representatives including, but not limited to, Charles G. Thomke.

§    Other employees, representatives, and/or agents of Defendant who handled or worked with the Policy or files related to PML's workers' compensation insurance coverage, the identity of whom is unknown at this time and whose identity Defendants have sole knowledge.

(*See* **Exhibit A** at ¶¶ 8 and 9.) PML has not had an opportunity to investigate or explore these statements. Through discovery, PML expects to discover information pertaining to Hartford's conclusions and obtain evidence in further support of its claims. (*See* **Exhibit A** ¶ 10.) Therefore, because Hartford prematurely filed its Motion, this Court should grant PML's Cross-Motion to Conduct Discovery and deny Hartford's Motion for Summary Judgment.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

**B.    This Court Should Deny Hartford's Motion Because the Alleged Forgery and Fraudulent Preparation of the Hartford Certificates of Insurance and Coverage Letter Constitute a Question of Fact.**

As discussed above, many questions remain unanswered because the parties have not had an opportunity to engage in discovery. Among these questions is whether the certificates of insurance and coverage letter issued by Hartford were fraudulently prepared and forged. Hartford has raised this fact issue and relies on the alleged forgery as the sole basis for its Motion.

The issue of whether a document is a forgery or fraudulently prepared is a question of fact that should be submitted to the jury. *See, e.g., Cissel v. Dutch*, 125 U.S. 171 (1888); *Phillips v. Rahal*, No. 239624, 2003 Mich. App. LEXIS 2480, *13 (Mich. App. Sept. 30, 2003) ("[T]he question of fact at issue – that is, whether McCoy's signature was forged – was never actually litigated.") (a copy is attached as **Exhibit B** hereto).

In its Amended Complaint, PML states that it relied on the certificates of insurance and coverage letter as evidence that PML was covered under the Policy. Indeed, these documents refer to the Policy; identify ACG, PML, and PML's PEOs as insureds; and demonstrate that PML had a contract for workers' compensation insurance coverage with Hartford. (*See* Am. Compl. and Ex. A, B, and C thereto.) Hartford, however, claims that those documents were fraudulently prepared and/or forged and, therefore, it is entitled to summary judgment. (*See* Hartford's Brief at 2-3.)

Because Hartford raises a pure question of fact in support of its Motion for Summary Judgment – the alleged fraudulent preparation and forgery of the Hartford documents – this

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

Court should deny Hartford's Motion and allow PML to conduct discovery on the forgery issue.

**C.    This Court Should Deny Hartford's Motion to Dismiss Because PML Has Sufficiently Plead Claims for Breach of Contract, Promissory Estoppel, and Fraud against Hartford.**[2]

In its Amended Complaint, PML has sufficiently plead the elements of its claim for breach of contract and promissory estoppel, and it has sufficiently plead, with particularity, the elements of a claim for fraud. The Federal Rules of Civil Procedure simply do not require PML to <u>prove</u> its claims in its Amended Complaint. *See, e.g., Federal Info. Sys., Corp. v. Boyd*, 753 F. Supp. 971, 975 (D.D.C. 1990); *GLM Corp. v. Klein*, 684 F. Supp. 1242, 1247 (S.D.N.Y. 1988).

Under Federal Rule of Civil Procedure 8, "it is enough that a complaint put the defendant on notice of the claims against him. <u>It is the function of discovery to fill in the details, and of trial to establish fully each element of the cause of action.</u>" *Rose v. Bartle*, 871 F.2d 331, 355 (3rd Cir. 1989) (citations omitted). The complaint "need only set out a generalized statement of facts from which defendant will be able to frame a responsive pleading." 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, p. 321-22 (1990) (footnote with citations omitted). In addition, there is no requirement that the complaint contain a statement of circumstances, occurrences, and events:

---

[2]    To the extent this Court determines that PML has insufficiently plead certain claims, which is not admitted, PML requests that this Court grant PML leave to file a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

[P]leadings under the rules simply may be a <u>general summary</u> of the party's position that is sufficient to advise the other party of the event being sued upon, to provide some guidance as to what was decided for purposes of res judicata, and to indicate whether the case should be tried to the court or to a jury. <u>No more is demanded of the pleadings than this; indeed, history shows no more can be performed successfully by the pleadings.</u>

* * *

[T]he rule does not contemplate the statement of circumstances, occurrences, and events in support of the claim presented. The rule requires the pleader to disclose adequate information regarding the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it.

*Id.* at § 1202, p. 68-73.

The claims filed by PML certainly fulfill the applicable standard. Hartford simply cannot contend that PML's claims are so vague and unspecific that has not been unable to frame a responsive pleading. In fact, Hartford's Answer and its Motion demonstrate that Hartford fully understands PML's claims and was able to answer.

**1.    PML Has Sufficiently Plead Breach of Contract Against Hartford.**

Hartford's Motion to Dismiss should be denied because PML has alleged all the necessary elements of claim for breach of contract:

(1)    PML alleges that there was an insurance contract between PML and Hartford for workers' compensation insurance coverage. (Am. Compl. at ¶ 21.) The certificates of insurance and the coverage letter reference the Policy and demonstrate the existence of a policy and contract between PML and Hartford. (Ex. B and C to the Am. Compl.)[3]

---

[3]    A breach of contract claim does not fail where the contract is not attached to the complaint. *See Matousek v. General Elec. Co.*, No. 86-CV-74116-DT, 1989 U.S. Dist. LEXIS 17864, *6 (E.D. Mich. Sept. 28, 1989) (noting that the procedural requirement of attaching the contract to the complaint "exists only under the Michigan rules of procedure (MCR 2.113F) and not under the Federal Rules of Civil Procedure, which govern procedural matters in this court.") (a copy is attached as **Exhibit B** hereto).

(2)     PML alleges that it paid premiums in exchange for workers' compensation insurance coverage. (Am. Compl. at ¶¶ 12, 18.)

(3)     PML alleges that Hartford breached the contract between the parties by denying coverage. (*Id.* at ¶ 23.)

(4)     PML alleges that it suffered damages as a result of Hartford's breach. (*Id.* at ¶ 23.)

*See, e.g., Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999) (setting forth the elements of breach of contract as: (1) the existence of a contract between the defendant and plaintiff, (2) the terms of the contract, (3) that the defendant breached the contract, and 4) that the breach caused plaintiff's injury). Furthermore, PML has contractual rights with Hartford as an additional insured, regardless of whether PML is specifically named in the Policy. *See Mich. Heritage Bank v. Fed. Ins. Co.*, No. 245832, 2004 Mich. App. LEXIS 2143, * 11 (Mich. App. Aug. 12, 2004) (defining "additional insured" as "[a] person who is covered by an insurance policy but who is not the primary insured. An additional insured may, or may not, be specifically named in the policy") (a copy is attached as **Exhibit B** hereto).

In its Motion, Hartford now argues that no contract exists because the Policy shows ACG as the insured, and not PML. (*See* Hartford's Brief at 8 and Ex. E thereto.) Because PML is in possession of conflicting documents issued by Hartford which show that PML is insured under the Policy, PML should be entitled to conduct discovery on this issue.

Alternatively, PML also can recover for breach of contract against Hartford under a third-party beneficiary theory. *See* M.C.L. § 600.1405 ("[A]ny person for whose benefit a promise is made by way of contract . . . has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.").

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

Accordingly, PML sufficiently alleges that it contracted with ACG to obtain workers' compensation insurance coverage on its behalf, and that ACG obtained insurance from Hartford for PML's benefit. (Am. Compl. at ¶ 11, 12 and Ex. A thereto.) Indeed, Hartford has admitted that it had a contract for workers' compensation insurance with ACG, and ACG has admitted that it had a contract with Hartford for the benefit of PML (Hartford's Brief at 9 and Ex. E thereto; ACG's Answer at ¶ 11.) Therefore, PML has sufficiently plead a claim for breach of contract, and Hartford's Motion should be denied.

### 2.     PML Has Sufficiently Plead Promissory Estoppel Against Hartford.

PML has sufficiently set forth an alternate claim for promissory estoppel. *See* Fed. R. Civ. P. 8(e)(2) ("A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses."). Because Hartford denies the existence of a contract between itself and PML, PML is "entitled to plead a quasi contract claim at this time." *ATD Corp. v. DaimlerChrysler Corp.*, 261 F. Supp. 2d 887, 894 (1993) (denying defendant's Rule 12(c) motion on the promissory estoppel claim when the existence of a written contract was in dispute). Under Michigan law, the elements of promissory estoppel are:

> (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, (3) which in fact produced reliance or forbearance of that nature, (4) in circumstances such that the promise must be enforced if injustice is to be avoided.

*Motobecane Am., Ltd. v. Patrick Petroleum Co.,* 791 F.2d 1248, 1251 (6th Cir. 1986).

In its Amended Complaint, PML sufficiently alleges all the elements of promissory estoppel:

(1)    Hartford promised to provide workers' compensation insurance coverage.

(2)    Hartford reasonably knew or should have known that PML would rely on the promise to provide coverage.

(3)    PML relied on these promises by conducting its business as if it had the required coverage and by paying the premiums.

(4)    PML has been damaged and Hartford unjustly enriched.

(*See* Am. Compl. at ¶¶ 33-37.)  PML also attached the certificates of insurance and coverage letter from Hartford as evidence of Hartford's promise to provide coverage.  (Ex. B and C to the Am. Compl.)   Therefore, this Court should deny Hartford's Motion to Dismiss for the reason that PML has sufficiently plead a claim for promissory estoppel.

### 3.    PML Has Sufficiently Plead Fraud Against Hartford.

PML's claim for fraud is sufficient pursuant to Federal Rule of Civil Procedure 9(b).  The pleading requirement for fraud claims under Rule 9(b) is satisfied when the complaint:

> Specifies the parties and the participants to the alleged fraud, the representations made, the nature in which the statements are alleged to be misleading or false, the time, place, and content of the representations, the fraudulent scheme, the fraudulent intent of the defendants, reliance on the fraud, and the injury resulting from the fraud.

*Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988).  To meet that particularity requirement, the Sixth Circuit has held that "a plaintiff must at minimum allege the time, place and content of the alleged misrepresentation upon which he relied."[4] *Bender v.*

---

4        Courts have required the following elements for a claim for fraud:

(1) that defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

*Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984). Significantly, "perhaps the most basic consideration in making a judgment as to the sufficiency of a pleading is the determination of how much detail is necessary to give adequate notice to an adverse party and enable him to prepare a responsive pleading." *See Benedict v. Cooperstock*, 23 F. Supp. 2d 754, 764 (E.D. Mich. 1998).

In addition, federal courts have consistently held that courts must take into account the general pleading principles of simplicity and flexibility set forth in Federal Rule of Civil Procedure 8. *See, e.g., Michaels Bldg. Co.,* 848 F.2d at 679 ("Thus, it is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading fraud. This is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.").

PML's Amended Complaint complies with all of these pleading requirements. The Amended Complaint contains the following allegations in support of its claim for fraud:

§ Hartford made material representations to PML that it would have workers' compensation insurance coverage for itself and its PEOs. (Am. Compl. at ¶ 39.)

§ These representations were made via the certificates of insurance which identified the Policy with Hartford. (*Id.* at ¶ 12 and Ex. B thereto.)

§ Further representations were made via the December 8, 2004 coverage letter from Michael/Michelle Carrow, Account Manager Underwriter for Hartford. (*Id.* at ¶ 13 and Ex. C thereto.)

---

reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist.

*Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813 (Mich. 1976).

§       Hartford subsequently denied coverage for PML. (*Id.* at ¶ 16.)

§       Hartford knew its representations were false or it recklessly made the representations without knowledge of their truth. (*Id.* at ¶ 41.)

§       The representations were made for the purpose of inducing PML to contract for the Policy and pay premiums.

§       PML acted in reliance upon these representations by conducting business as if it had coverage and by paying the premiums. (*Id.* at ¶ 42.)

§       PML was damaged as a result of Hartford's false representations. (*Id.* at ¶ 43.)

These factual allegations and the applicable exhibits attached to the Amended Complaint demonstrate the time of the misrepresentation (i.e., December 2004 through January 2005); the method/place of the misrepresentation (i.e., certificates and coverage letter sent to PML at its place of business); and the content of the misrepresentation (i.e., PML and its PEOs would have workers' compensation insurance coverage in exchange for the payment of premiums). PML further identifies an individual from Hartford (i.e., Michelle/Michael Carrow) who made these fraudulent representations.

Consequently, PML sufficiently placed Hartford on notice of PML's claim for fraud and the underlying factual allegations. Indeed, Hartford fully comprehended these allegations. Hartford's ability to file an answer to the Amended Complaint and attach a "rebuttal" Affidavit from Michelle Carrow Hutchins in support of its Motion belies Hartford's lack of specificity argument. (*See* Ex. D to Hartford's Brief.) Because PML has sufficiently plead fraud, Hartford's Motion to Dismiss PML's claim for fraud should therefore be denied.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## CONCLUSION

Hartford's Motion is premature. In support of its Motion, Hartford relies on affidavits and correspondence outside of the pleadings and which convert Hartford's entire Motion into one for summary judgment. Hartford's Motion also relies on its own self-serving allegations that the certificates of insurance and coverage letter were fraudulently prepared and forged. These allegations constitute pure questions of fact, for which summary judgment is inappropriate. Because PML has not had an opportunity to conduct discovery, Hartford's Motion should be denied in its entirety pursuant to Federal Rule of Civil Procedure 56(f).

Furthermore, PML has sufficiently plead its claims for breach of contract, promissory estoppel, and fraud pursuant to Federal Rules of Civil Procedure 8 and 9(b) so that Hartford had notice of the claims against it, fully understood those claims, and filed an answer thereto. Thus, Hartford's Motion to Dismiss should be denied.

Therefore, PML respectfully requests that this Court grant its Motion to Conduct Discovery and deny Hartford's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56(f).

Respectfully submitted,

BUTZEL LONG

By: /s/ Michael G. Latiff
　　　　James J. Giszczak (P46917)
　　　　Michael G. Latiff (P51263)
　　　　Katherine D. Goudie (P62806)
150 West Jefferson, Suite 100
Detroit, MI  48226-4450
(313) 225-7000
E-mail:　giszczak@butzel.com
　　　　　latiff@butzel.com

Dated:  July 1, 2005　　　　　　　Attorneys for Plaintiff

20

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> Thomas J. Murray
> tmurray@dykema.com

I further certify that on July 1, 2005, I caused a copy of the foregoing paper and all attachments thereto to be served on each of the following via first class U.S. Mail:

Keith Bishop, Esq.
Madison Center, Suite 105
1802 Martin Luther king, Jr. Parkway
Durham, North Carolina  27707

by placing same in a sealed envelope, addressed to said attorney and depositing same in the United States mail in Detroit, Michigan, with postage fully prepaid.

I declare that the foregoing is true and accurate to the best of my information, knowledge and belief.

> BUTZEL LONG
>
> By:/s/ Katherine D. Goudie_____
>     James J. Giszczak (P46917)
>     Michael G. Latiff (P51263)
>     Katherine D. Goudie (P62806)
> 150 West Jefferson, Suite 100
> Detroit, MI  48226-4450
> (313) 225-7000
> E-mail:  giszczak@butzel.com
>          latiff@butzel.com
> Attorneys for Plaintiff

Dated:  July 1, 2005

/766396/