**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PML NORTH AMERICA, LLC,

    Plaintiff,

v.                                          Case No. 05-CV-70404-DT

HARTFORD UNDERWRITERS INSURANCE
COMPANY et al.,

    Defendants.
                                         /

**ORDER DENYING DEFENDANT HARTFORD'S "MOTION TO DISMISS. . .,'
DENYING DEFENDANT RTP'S "MOTION FOR SUMMARY JUDGMENT,"
GRANTING PLAINTIFF'S "CROSS-MOTION TO CONDUCT DISCOVERY," AND
SCHEDULING FIRST STAGE OF LIMITED DISCOVERY**

Pending before the court are three motions: Defendant Hartford Underwriters Insurance Company's ("Hartford's") "Motion to Dismiss or in the Alternative for Summary Judgment," filed on June 10, 2005;[1] Plaintiff PML North America's "Cross-Motion to Conduct Discovery," filed on July 1, 2005; and Defendant RTP Insurance of Durham's "Motion for Summary Judgment," filed on August 8, 2005. The court has reviewed the motions and concludes a hearing on the motions is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the summary judgment motions without prejudice, and grant the motion to conduct discovery. After reviewing Hartford's motion for summary judgment, the court concluded that the motion turned in large part upon the allegations of fraud asserted by Defendant Hartford.

---

[1] Although Defendant Hartford's motion was brought in the alternative under both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56, the motion in large part relies on evidence outside the pleadings. The court will thus analyze it under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b).

Plaintiff PML filed a response and cross-motion to conduct discovery, arguing that Defendant Hartford's motion was premature, and that discovery was necessary under Federal Rule of Civil Procedure 56(f) before any disposition of the summary judgment motion. The court agrees.

Thus, on August 10, 2005, the court conducted a status conference to discuss with the parties the possibility of phased and targeted discovery periods. Specifically, the court suggested, and the parties agreed, that discovery in this case should first proceed in a manner limited to the allegations involving fraudulent documents. To that end, Plaintiff PML North America, LLC, indicated that, in addition to narrow document requests, it may need to conduct depositions of six individuals: Michelle Hutchins, John Gilchrist, Lauren Gilchrist, Richard Smith, Charles Tompke and Carlos Brown. The parties agreed that a period of sixty days would suffice to conclude this first stage of discovery.

Until the parties complete the first phase of discovery, as outlined above, the court finds that the summary judgment motions filed by Defendant Hartford and by Defendant RTP[2] are premature. Accordingly,

---

[2] The court also notes that the motion for summary judgment filed by Defendant RTP is procedurally improper, as it does not comply with the local rules. For example, the motion was not accompanied by a brief, as is required by E.D. Mich. LR 7.1(c)(1)(a), nor did it follow the format required under E.D. Mich. LR(c)(2) & (3). Most troublesome, the motion was filed in combination with an "Amended Answer." For docketing and administrative purposes, separate motions or pleadings must be filed separately. The court is cognizant of Defendant RTP's *pro se* status, but if Defendant RTP wishes to represent itself, it must comply with the local rules. These rules can be found on-line at http://www.mied.uscourts.gov/_localrules/civil/civiltoc.htm.

IT IS ORDERED that Defendant Hartford Underwriters Insurance Company's "Motion to Dismiss or in the Alternative for Summary Judgment" [Dkt. # 14] and Defendant RTP Insurance of Durham's "Motion for Summary Judgment," [Dkt. #28] are DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff PML North America's "Cross-Motion to Conduct Discovery" [Dkt #20] is GRANTED and discovery limited solely to the various allegations of fraud shall conclude by **October 10, 2005**.[3]

The court will conduct a telephonic status conference on October 19, 2005 at 2:30 at which the parties can discuss the feasibility and timing of dispositive motions and/or motions to change venue. The court will initiate the call.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: August 11, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 11, 2005, by electronic and/or ordinary mail.

    S/Lisa G. Teets
    Case Manager and Deputy Clerk
    (313) 234-5522

---

[3] The parties are, of course, free to conduct discovery by mutual agreement beyond the scope of this order.