UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PML NORTH AMERICA, LLC,

        Plaintiff,

                              Case No. 05-CV-70404-DT

v.

                              Hon. Robert H. Cleland

HARTFORD UNDERWRITERS
INSURANCE COMPANY, ACG
ENTERPRISES OF NC, INC. and
RTP INSURANCE OF DURHAM, NC,

        Defendants.

| BUTZEL LONG | DYKEMA GOSSETT PLLC |
|---|---|
| Michael G. Latiff (P51263) | Thomas J. Murray (P56331) |
| Maureen T. Taylor (P63547) | 39577 Woodward Avenue, Suite 300 |
| Katherine Donohue Goudie (P62806) | Bloomfield Hills, MI 48304-5086 |
| 150 West Jefferson, Suite 100 | (248) 203-0806 |
| Detroit, MI 48226-4450 | Attorney for Defendant Hartford |
| (313) 225-7000 | Underwriters Insurance Company |
| Attorneys for Plaintiff | |
| | |
| Keith Bishop, Esq. (N.C. Bar No. 18918) | John Edward Gilchrist, pro se |
| Madison Center, Suite 105 | 3325 Chapel Hill Blvd., Suite 145 |
| 1802 Martin Luther king, Jr. Parkway | Durham, NC 27707 |
| Durham, North Carolina 27707 | (919) 401-6556 |
| (919) 490-1855 | Defendant RTP Insurance of Durham, NC |
| Attorney for Defendant ACG Enterprises of NC, Inc. | |
| | |
| Mark A. Haywood, Esq. (P49366) | |
| 1274 Library St., Suite 303 | |
| Detroit, MI 48226 | |
| (313) 967-9322 | |
| Co-counsel for Defendant ACG Enterprises of NC, Inc. | |

**PLAINTIFF PML NORTH AMERICA, LLC'S MOTION AND BRIEF
IN SUPPORT FOR ENTRY OF A PRESERVATION ORDER**

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

Plaintiff PML North America, LLC ("PML") moves this Court for entry of a Preservation Order, and in support thereof, states as follows:

1. Pursuant to this Court's August 11, 2005 Order Scheduling First Stage of Limited Discovery, PML deposed the representatives and agents of Defendants Hartford Underwriters Insurance Company ("Hartford"), ACG Enterprises of NC, Inc. ("ACG"), and RTP Insurance of Durham, NC ("RTP") for the purpose of obtaining information on the alleged fraudulent certificates of insurance and coverage letter that provided PML with workers compensation insurance coverage. During these depositions, each Defendant denied creating and/or drafting the subject certificates of insurance and coverage letter.

2. On October 19, 2005, during the telephone status conference with this Court, counsel for PML indicated that it intended to inspect Defendants' hard drives, servers, fax machines, and other electronic equipment in order to determine which party fraudulently created the subject documents.

3. Counsel for PML also stated that it would seek entry of an order to preserve all documents and equipment that contained electronic data, and the Court agreed with counsel's suggestions to first circulate a proposed order and stipulation to preserve the evidence before filing a motion.

4. On October 20, 2005, PML sent its Stipulation to Preserve Evidence and proposed Preservation Order to Defendants' counsel for their review. PML's counsel also requested that Defendants call with any proposed revisions if the Stipulation and Order did not meet their approval. (See **Exhibit A**, Correspondence and Fax Confirmations.) PML further informed Defendants that if they did not respond, PML would file this Motion. (*Id.*)

2

5. On October 21, 2005, counsel for ACG contacted counsel for PML and they discussed revisions to the Stipulation and Order. Counsel for PML agreed to ACG's revisions, promptly revised the Stipulation and Order, and circulated the updated documents to all counsel. (*Id.*)

6. RTP subsequently agreed to the language in the proposed Preservation Order and returned an executed Stipulation to Preserve Evidence to counsel for PML. (See **Exhibit B**.) ACG, however, did not respond.

7. On October 27, 2005, counsel for PML left a message with the office of ACG's counsel regarding the status of ACG's execution of the Stipulation. Counsel for ACG again failed to respond.

8. Accordingly, PML sought concurrence from the parties pursuant to L.R. 7.1, and ACG's failure to respond necessitated the filing of this Motion.

WHEREFORE, for the foregoing reasons, PML respectfully requests that this Court grant its Motion and enter the proposed Preservation Order, which is attached to this Motion as **Exhibit C**.

3

**BRIEF IN SUPPORT OF PLAINTIFF PML NORTH AMERICA, LLC'S
MOTION FOR ENTRY OF A PRESERVATION ORDER**

**STATEMENT OF THE ISSUE PRESENTED**

Whether this Court should enter a Preservation Order requiring the parties to preserve all documents, equipment, and electronic data related to this matter for the purpose of determining which Defendant fraudulently drafted the subject certificates of workers' compensation insurance and insurance coverage letter?

Plaintiff PML North America, LLC answers:	Yes

4

## INDEX OF CONTROLLING/MOST APPROPRIATE AUTHORITY

**Discovery of "books, documents, and other tangible things":**

Fed. R. Civ. P. 26

**Duty to Preserve Evidence and Sanctions for Spoliation:**

Fed. R. Civ. P. 37

*Roskam Baking Co. v. Lanham Mach. Co.*, 71 F. Supp. 2d 736 (W.D. Mich. 1999)

*Bloemendaal v. Town & Country Sports Ctr. Inc.*, 659 N.W.2d 684 (Mich. App. 2002)

## ANALYSIS

Federal Rule of Civil Procedure 26 allows for the production and inspection of "books, documents, and other tangible things," which includes computer equipment, fax machines, electronic data, and other electronic equipment. Under Michigan federal and state law, the parties in litigation have a duty to preserve all evidence and may face sanctions for the spoliation of any evidence. *See* Fed. R. Civ. P. 37; *Roskam Baking Co. v. Lanham Mach. Co.*, 71 F. Supp. 2d 736 (W.D. Mich. 1999); *Bloemendaal v. Town & Country Sports Ctr. Inc.*, 659 N.W.2d 684 (Mich. App. 2002).

As discussed in the Motion, which is fully incorporated herein, the parties have agreed to the Stipulation to Preserve Evidence with the exception of Defendant ACG Enterprises of NC, Inc. ("ACG"). Even after PML North America, LLC ("PML") revised the Stipulation and proposed Order to include ACG's proposed revisions, ACG failed to respond or return phone calls as to its approval of the Stipulation. Because each Defendant has unequivocally denied drafting the subject certificates of insurance and coverage letter through written discovery and deposition testimony, PML plans to inspect electronic data, hard drives, servers, and other electronic equipment, and accordingly, PML moves this Court for entry of the Preservation Order, which is attached as **Exhibit C**.

### REQUEST FOR RELIEF

PML North America, LLC moves this Court for the entry of the Preservation Order, which is attached as **Exhibit C**, for the reasons set forth in its Motion filed contemporaneously herewith.

Respectfully submitted,

BUTZEL LONG

/s/ Michael G. Latiff
Michael G. Latiff (P51263)
Maureen T. Taylor (P63547)
Katherine Donohue Goudie (P62806)
150 West Jefferson, Suite 100
Detroit, MI 48226-4450
(313) 225-7000
E-mail: latiff@butzel.com
Attorneys for Plaintiff

Dated: October 28, 2005

/794662/

7