UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PML NORTH AMERICA, LLC,

          Plaintiff,

v.

                                    Case No. 05-CV-70404-DT

                                    Hon. Robert H. Cleland

HARTFORD UNDERWRITERS
INSURANCE COMPANY, ACG
ENTERPRISES OF NC, INC. and
RTP INSURANCE OF DURHAM, NC,

          Defendants.

---

| | |
|---|---|
| **BUTZEL LONG** | **DYKEMA GOSSETT PLLC** |
| Michael G. Latiff (P51263) | Thomas J. Murray (P56331) |
| Maureen T. Taylor (P63547) | 39577 Woodward Avenue, Suite 300 |
| Katherine Donohue Goudie (P62806) | Bloomfield Hills, MI 48304-5086 |
| 150 West Jefferson, Suite 100 | (248) 203-0806 |
| Detroit, MI 48226-4450 | Attorney for Defendant Hartford |
| (313) 225-7000 | Underwriters Insurance Company |
| Attorneys for Plaintiff | |
| | |
| Keith Bishop, Esq. (N.C. Bar No. 18918) | John Edward Gilchrist, pro se |
| Madison Center, Suite 105 | 3325 Chapel Hill Blvd., Suite 145 |
| 1802 Martin Luther king, Jr. Parkway | Durham, NC 27707 |
| Durham, North Carolina 27707 | (919) 401-6556 |
| (919) 490-1855 | Defendant RTP Insurance of Durham, NC |
| Attorney for Defendant ACG Enterprises of NC, Inc. | |
| | |
| Mark A. Haywood, Esq. (P49366) | |
| 1274 Library St., Suite 303 | |
| Detroit, MI 48226 | |
| (313) 967-9322 | |
| Co-counsel for Defendant ACG Enterprises of NC, Inc. | |

---

**PLAINTIFF PML NORTH AMERICA, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT ACG ENTERPRISES OF NC, INC.'S MOTION TO DISMISS**

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................iii

INDEX OF EXHIBITS ..................................................................................... v

STATEMENT OF THE ISSUES PRESENTED ................................................. vi

CONTROLLING AUTHORITY ....................................................................... vii

INTRODUCTION .............................................................................................. 1

STATEMENT OF MATERIAL FACTS ............................................................. 2

STANDARD OF REVIEW ................................................................................. 5

    A.    Federal Rule of Civil Procedure 12(b)(2) ............................................ 5

    B.    Federal Rule of Civil Procedure 12(b)(3) ............................................ 5

ARGUMENT ...................................................................................................... 6

    A.    ACG's Motion to Dismiss Is Untimely and Should Be Denied ...................... 6

        1.    ACG Filed Its Motion After This Court's Cutoff Date ......................... 6

        2.    ACG Waived Its Objections to Personal Jurisdiction and Venue
                Through Its Active Participation in this Case ....................................... 6

    B.    ACG's Motion to Dismiss for Improper Venue Should Be Denied ................. 9

        1.    Venue is Proper in This Court When a Substantial
                Part of the Events Giving Rise to PML's Claims
                Occurred in the Eastern District of Michigan ...................................... 9

        2.    The Forum Selection Clause in the Contract Has
                No Effect on the Analysis of Whether Venue in
                Michigan Is Proper ........................................................................... 10

    C.    This Court Can Exercise Personal Jurisdiction Over ACG ........................... 11

        1.    ACG Has Transacted Business in Michigan Within
                the Meaning of M.C.L. §600.715 ...................................................... 11

2.    Maintenance of This Action in Michigan Does
Not Offend "Traditional Notions of Fair Play
And Substantial Justice. ...................................................................... 13

CONCLUSION .................................................................................................................. 15

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

# INDEX OF AUTHORITIES

**Cases**

Asmar v. Benchmark Literacy Group, Inc., No. 04-70711, 2005 U.S. Dist. LEXIS 23197 (E.D. Mich., Oct. 11, 2005)......................................................................................viii, 7, 8

Audi AG v. Izumi, 204 F. Supp. 2d 1014, 1016-17 (E.D. Mich. 2002)...................................5

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985).............................................13

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 85 L. Ed. 2d 528, 105, S. Ct. 2174 (1985)viii, 12, 13, 14

Compuserve, Inc. v. Patterson, 89 F.3d 1257, 1263 (6th Cir. 1996)......................................13

In re Wolverine Co., 930 F.2d 1132, 1138 n.5 (6th Cir. 1991)................................................7

Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)...................................................13, 15

Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531 (6th Cir. 2002)....................viii, 10

Lanier v. The American Board of Endodontics, 843 F.2d 901, 906 (6th Cir. 1988)viii, 11, 12, 14

McGee v. Int'l Life Ins. Co., 355 U.S. 220 (1957) ..........................................................viii, 14

Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988) ..................................................viii, 10

Superior Consulting Co., Inc. v. Walling, 851 F. Supp. 839, 844 (E.D. Mich. 1994) .............11

Sylvester Material, Inc. v. John Carlo, Inc., No. 3:04CV7686, 2005 U.S. Dist. LEXIS 9424, *9 (N.D. Ohio, May 17, 2005) ..............................................................................................10

Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir. 1991)................................................5

Third Nat'l Bank v. Wedge Group, Inc., 882 F.2d 1087, 1089 (6th Cir. 1989).......................13

**Statutes**

28 U.S.C. § 1391 ..........................................................................................................passim

28 U.S.C. § 1391(a)(2) .........................................................................................................10

28 U.S.C. § 1406...............................................................................................................6, 10

M.C.L. § 600.705(1)..............................................................................................................12

M.C.L. § 600.715 ..................................................................................................................11

MCL 600.715(2).....................................................................................................................11

**Rules**

Federal Rule of Civil Procedure 12(b)(2) ...............................................................................5

Federal Rule of Civil Procedure 12(b)(3) ...............................................................................5

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

<u>**INDEX OF EXHIBITS**</u>

ACG's 1/18/05 Invoice to PML ....................................................................................... A

Certificates of Insurance for Michigan Companies ................................................................. B

Unpublished Court Opinions ........................................................................................... C

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

**STATEMENT OF THE ISSUES PRESENTED**

1.      Whether Defendant ACG has waived its objections to personal jurisdiction and venue when ACG has filed an untimely motion and has actively participated in this case for six months?

                    Plaintiff PML answers:          Yes

                    Defendant ACG answers:      No

2.      Whether venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) when a substantial part of the events giving rise to the PML's claims for breach of contract, fraud, and conversion occurred in the Eastern District of Michigan?

                    Plaintiff PML answers:          Yes

                    Defendant ACG answers:      No

3.      Whether this Court can exercise personal jurisdiction over ACG pursuant to Michigan's long-arm statute and the due process clause when ACG entered into a contractual relationship with Plaintiff PML, a Michigan company, to obtain and provide PML with workers' compensation insurance?

                    Plaintiff PML answers:          Yes

                    Defendant ACG answers:      No

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## CONTROLLING AUTHORITY

**Issue 1:**

        Asmar v. Benchmark Literacy Group, Inc., No. 04-70711, 2005 U.S. Dist. LEXIS 23197 (E.D. Mich., Oct. 11, 2005)

        In re Wolverine Co., 930 F.2d 1132 (6th Cir. 1991)

**Issue 2:**

        28 U.S.C. § 1391(a)(2)

        Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531 (6th Cir. 2002)

        Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988)

**Issue 3:**

        M.C.L. § 600.715(1)

        Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985)

        Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)

        Lanier v. The American Board of Endodontics, 843 F.2d 901 (6th Cir. 1988)

        McGee v. Int'l Life Ins. Co., 355 U.S. 220 (1957)

        Superior Consulting Co., Inc. v. Walling, 851 F. Supp. 839 (E.D. Mich. 1994)

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## INTRODUCTION

Defendant ACG Enterprises of NC, Inc.'s ("ACG") untimely Motion to Dismiss should be denied. ACG filed its Motion <u>after</u> the November 4, 2005 cutoff date set by the Court at the parties' October 19, 2005 status conference.

ACG seeks dismissal of this action for lack of personal jurisdiction and improper venue despite the fact that over the past six months, ACG has actually litigated this matter by:

- appearing in this action;
- answering the First Amended Complaint;
- filing a counter-claim against PML North America, LLC ("PML");
- filing affidavits in opposition to Defendant Hartford Underwriters Insurance Company's ("Hartford") Motion to Dismiss PML's Complaint;
- responding to discovery requests on matters other than jurisdiction and venue;
- supplementing its discovery responses;
- participating in three depositions on matters other than jurisdiction and venue;
- defending two depositions of its president and a former employee; and
- attending status conferences.

ACG's conduct and active participation in this case over the last six months constitute a waiver of its objections to personal jurisdiction and venue.

Even if ACG had not waived those objections, which it has, ACG's substantive arguments on the issues of personal jurisdiction and venue lack merit. First, ACG's request for dismissal based upon the forum selection clause in the Workers' Compensation Coverage Agreement executed by ACG and PML (the "Contract") fails as a matter of law. It is well established that if venue is satisfied pursuant to 28 U.S.C. § 1391, as it is here, a forum selection clause <u>does not serve</u> as the basis for granting a motion to dismiss for improper venue. Accordingly, venue is proper in this Court because a substantial part of the events giving rise to PML's claims of fraud, breach of contract, and conversion occurred in the Eastern District of Michigan: (1) PML is located in Shelby Township, Michigan; (2) PML's

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

obligations and duties under the Contract with ACG were to be carried out in Michigan; (3) ACG sent correspondence and invoices to PML in Michigan; (4) the subject certificates of insurance and coverage letter have defrauded a Michigan company; (5) PML continues to suffer harm and incur damages in Michigan; and (6) ACG has breached the Contract by failing to provide workers' compensation insurance to PML, which in turn has affected several companies with employees in Michigan.

This Court may also exercise personal jurisdiction over ACG pursuant to M.C.L. § 600.715(1) where, as here, ACG transacted business within Michigan by entering into the Contract with PML, a Michigan company, and agreeing to obtain and provide workers' compensation insurance to PML. In addition, ACG sent correspondence and invoices to PML in Michigan. Through these contacts, ACG has purposefully availed itself of the privilege of conducting activities in Michigan when it executed the Contract with PML.

Therefore, because ACG's Motion to Dismiss is untimely and fails on the merits, this Court should deny ACG's Motion.

## STATEMENT OF MATERIAL FACTS

PML is a Michigan limited liability corporation with its principal place of business located in Shelby Township, Michigan. (First Amended Complaint ("Compl.") at ¶1.) PML is the majority owner of numerous professional employer organizations ("PEOs"). (Id. at ¶7.)

PML sought to obtain workers' compensation insurance for its PEOs and the customers of those PEOs. PML was referred to ACG, a North Carolina corporation, to obtain

the necessary insurance for employees located in Michigan and other states.[1]  (Id. at ¶9.)

ACG assured PML that it could obtain the workers' compensation insurance PML needed.

(Id. at ¶10.)   Based on these assurances, PML entered into the Contract with ACG on

November 17, 2004, whereby ACG agreed to obtain and provide workers' compensation

insurance to PML.  (See Ex. A to the Compl.)  ACG also corresponded with PML and sent

invoices for that insurance coverage to PML in Michigan.  (See **Exhibit A** attached hereto.)

PML also received from ACG numerous certificates of insurance that demonstrated

that ACG had obtained workers' compensation insurance coverage for PML through an

insurance broker, RTP Insurance Company of Durham, NC ("RTP"), and insurer, Hartford.

(See Ex. B to the Compl.)  On December 8, 2004, PML's coverage was further confirmed in a

letter from an account manager underwriter at Hartford that PML received from ACG (the

"coverage letter").  (Ex. C to the Compl.)  PML paid in excess of $38,000.00 in premiums to

ACG for the Hartford Policy.  (Compl. at ¶18.)  When PML began submitting workers'

compensation claims to Hartford, however, those claims were denied.

On February 2, 2005, PML filed a Complaint only against Hartford in this Court

because Hartford regularly conducted business in Michigan.  Hartford's counsel then advised

PML that the certificates of workers' compensation insurance and coverage letter that ACG

provided to PML were fraudulent.  This was the first time that PML learned that the

---

[1] The customers of PML's various PEOs are located in many states.  With respect to
Michigan, PML's Contract with ACG would provide workers' compensation for PML North
America, LLC and the following customers with employees in Michigan:  Cooper
Construction, Inc., Brines Refrigeration, Inc., Long Term Care Resources, TFG Installation
Services, Inc., Metro Electrical Engineering Technologies, and Facilitec. Indeed, ACG sent
PML certificates of insurance for several of these companies.  (See **Exhibit B** attached
hereto.)

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

documents from Hartford could be invalid. PML subsequently amended its Complaint to add ACG and RTP as Defendants.

Since the addition of ACG as a Defendant in May of 2005, as outlined in the following chart, ACG has actively participated in this case and unreasonably waited for six months before filing this Motion to Dismiss:

| Date | Event |
|---|---|
| 2/2/05 | PML filed this action against Hartford and subsequently learned that the certificates of insurance and coverage letter from Hartford might be fraudulent. |
| 5/10/05 | PML filed the First Amended Complaint adding ACG and RTP as Defendants. |
| 5/13/05 | ACG was served with the First Amended Complaint. |
| 6/6/05 | ACG filed its Answer, Affirmative Defenses, and "Pre-Answer Motion." The one page Pre-Answer Motion merely recited boilerplate affirmative defenses including lack of personal jurisdiction and improper venue, and this Court rejected ACG's "Pre-Answer Motion" as an improperly filed motion. ACG did not enter a special or limited appearance. |
| 6/10/05 | Hartford filed its Motion to Dismiss or in the Alternative Motion for Summary Judgment. |
| 6/28/05 | PML answered ACG's Counterclaim. |
| 7/15/05 | ACG filed Affidavits of Carlos Brown and Fredrick Click, II in Opposition to Hartford's Motion to Dismiss. |
| 8/2/05 | ACG filed a Motion to Amend/Strike Exhibits filed by ACG with respect to its Affidavits. |
| 8/10/05 | ACG's counsel attended the scheduling conference, and ACG's counsel was admitted to practice before this Court. ACG again did not enter a special or limited appearance. |
| 8/11/05 | This Court entered an Order that scheduled the first stage of discovery on the issue of the alleged fraudulent certificates of insurance and coverage letter. |
| 9/1/05 | PML served its First Set of Interrogatories and Requests for Production on ACG. |
| 9/22/05 | ACG participated in the deposition of Michelle Hutchins. |

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

| 10/5/05 | ACG defends the deposition of its former employee, Charles Thomke, and serves its Responses to PML's First Set of Interrogatories and Document Requests. |
|---|---|
| 10/6/05 - 10/7/05 | ACG participated in the depositions of John Edward Gilchrist and Lauren Gilchrist. |
| 10/18/05 | ACG defended the deposition of ACG's president, Carlos Brown.  ACG served Supplemental Responses to PML's discovery requests. |
| 10/19/05 | ACG attended the telephone status conference held by this Court, during which the Court ordered that ACG file any motions related to venue by November 4, 2005. |
| 11/4/05 | The time period for ACG to file a motion expired. |
| 11/8/05 | ACG filed its untimely and improper Motion to Dismiss. |

## STANDARD OF REVIEW

**A.      Federal Rule of Civil Procedure 12(b)(2).**

When a defendant challenges personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the existence of personal jurisdiction. See Audi AG v. Izumi, 204 F. Supp. 2d 1014, 1016-17 (E.D. Mich. 2002) (citations omitted).  The plaintiff, however, must only make a prima facie showing of personal jurisdiction over the defendant because "the Court is not conducting an evidentiary hearing on the matter of personal jurisdiction."  Id. at 1017.  The Court views the evidence in the light most favorable to PML, and it should not consider facts proffered by ACG that conflict with those offered by PML.  Id.  (citing Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir. 1991)).

**B.      Federal Rule of Civil Procedure 12(b)(3).**

On a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), PML again bears the burden of proving that venue is proper.  Id.  The

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

Court may examine facts outside the Complaint; however, the Court must draw all reasonable inferences and resolve factual conflicts in favor of PML. Id. (citations omitted). If ACG prevails on a Rule 12(b)(3) challenge, the Court has the discretion to decide whether the action should be dismissed or transferred. See 28 U.S.C. § 1406(a).

## ARGUMENT

**A.    ACG's Motion to Dismiss Is Untimely and Should Be Denied.**

     **1.    ACG Filed Its Motion After This Court's Cutoff Date.**

On October 19, 2005, this Court held a status conference via telephone with the parties. During this conference, the Court ordered that ACG file any motions pertaining to venue on or before November 4, 2005. ACG has not only actively participated in this case and waited for six months to file its Motion to Dismiss, but ACG also filed this Motion on November 8, 2005 – four days after the filing cutoff date. ACG did not seek or request an extension of time from PML or the Court.

     **2.    ACG Waived Its Objections to Personal Jurisdiction and Venue Through Its Active Participation in This Case.**

ACG waived its objections to personal jurisdiction and venue because over the last six months, ACG actively participated in discovery, status conferences, and opposing a co-defendant's motion to dismiss.

A party may preserve its objections to personal jurisdiction and venue as affirmative defenses; however, federal courts have held that a party may waive the defenses by implication through actively participating in a case. For instance, the Sixth Circuit Court of Appeals held that the defendant, Michigan Employment Security Commission, waived any defects in personal jurisdiction because personal jurisdiction was "acquired due to its

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

6

appearance and participation in the litigation." In re Wolverine Co., 930 F.2d 1132, 1138 n.5 (6th Cir. 1991).[2]

Furthermore, in a recent unpublished decision from this Court, Asmar v. Benchmark Literacy Group, Inc., No. 04-70711, 2005 U.S. Dist. LEXIS 23197 (E.D. Mich., Oct. 11, 2005)[3], the Honorable Nancy G. Edmunds held that the defendants waived their personal jurisdiction arguments. The court in Asmar found waiver **on two independent bases: (1)** through the defendants' conduct **and (2)** the defendants' failure to assert lack of personal jurisdiction as an affirmative defense in their first pleadings. Id. at *18. The Court stated that the defendants:

> litigated several non-dispositive motions, actively participated in status conferences, and tendered discovery on matters other than jurisdiction. n12.   By their conduct, Defendants Benchmark and Hanson have waived any personal jurisdiction objections that they may have had.
>
> * * *
>
>     n12  Benchmark and Hanson state that 'all parties sat down with the Court early on in this proceeding and agreed upon a course of action which would defer motions and discovery . . . . [sic]' (Doc. 89, 2.) The Court never implied that Benchmark and Hanson need not raise their personal jurisdiction arguments. Nor did the Court understand that to be the agreed 'course of action.'

Id. at **18, 19 n.12 (citations omitted).

---

[2] The Court noted that the Michigan Employment Security Commission appeared both before the district court and the bankruptcy court to argue the merits of debtor's motion to enforce a bankruptcy court's order confirming the plan of reorganization. In re Wolverine Co., 930 F.2d at 1138 n.5.

[3]  All unpublished cases are attached as **Exhibit C** hereto.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

The rationale of <u>Asmar</u> applies here too. There was no court order or agreement of the parties preventing ACG from filing a motion challenging personal jurisdiction and venue. Instead of doing so, ACG appeared in the case, answered the First Amended Complaint, filed a counter-claim against PML, responded to discovery requests on matters other than jurisdiction and venue, supplemented its discovery responses, participated in three depositions on matters other than jurisdiction and venue, defended two depositions, and attended status conferences as demonstrated by the above chart of key events, <u>supra</u> at pp. 4-5. Moreover, ACG even argued against the dismissal of PML's Complaint against Harford by filing affidavits in opposition to Hartford's Motion to Dismiss.

During the sixth months that ACG actively litigated this case, ACG never filed a proper motion to dismiss based on personal jurisdiction and venue. Similar to the <u>Asmar</u> case, this Court held a status conference early on and ordered discovery on the issue of the alleged fraudulent certificates of insurance and coverage letter. At the conference, this Court did not state or imply that ACG was not required to file a motion to dismiss until the close of the first phase of discovery. ACG's failure to file its Motion before actively defending this case on the merits constitutes a waiver of its jurisdiction and venue objections.

Therefore, this Court should therefore deny ACG's Motion to Dismiss because ACG, through its active participation in this case, waived its objections to personal jurisdiction and venue.

**B.**    **ACG's Motion to Dismiss for Improper Venue Should Be Denied.**

  **1.**    **Venue Is Proper in This Court When a Substantial Part of the Events Giving Rise to PML's Claims Occurred in the Eastern District of Michigan.**

Venue is proper in Michigan when a substantial part of the events giving rise to PML's claims of fraud, breach of contract, and conversion occurred in the Eastern District of Michigan. The venue statute, 28 U.S.C. § 1391, states:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) **a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred**, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. [Emphasis added.]

PML is located in Shelby Township, Michigan. PML's obligations and duties under the Contract with ACG were to be carried out in Michigan – PML benefited from the services and insurance in Michigan and **ACG** issued invoices to PML in Michigan. (See, e.g., **Exhibit A**.) The subject certificates of insurance and coverage letter defrauded a Michigan company, and as a result, PML continues to suffer harm and incurs damages in Michigan. Lastly, PML claims that ACG has breached the Contract by failing to provide workers' compensation insurance to PML, a Michigan company. Therefore, venue is proper in the Eastern District of Michigan where a substantial part of the events giving rise to PML's claims of breach of contract, fraud, and conversion occurred in this forum.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

**2.    The Forum Selection Clause in the Contract Has No Effect on the Analysis of Whether Venue in Michigan Is Proper.**

ACG's argument that this case should be dismissed because of the existence of a forum selection clause also lacks merit.  It is well established that the existence of a forum selection clause has <u>no effect</u> on whether venue in this Court is proper.  The Sixth Circuit in <u>Kerobo v. Southwestern Clean Fuels, Corp.</u>, 285 F.3d 531 (6th Cir. 2002), stated that:

> the Supreme Court made it clear in <u>Ricoh</u> that **forum selection clauses do not dictate the forum**. . . .  We think this is a clear signal that if venue is proper under the statute [28 U.S.C. § 1391], a motion to transfer for improper venue will not lie.  Finally, even the dissent in <u>Ricoh</u> does not argue that whether a forum-selection clause is enforceable should be considered in the context of the venue statutes and proper versus improper venue. . . .  We therefore hold that the district court erred in granting the defendants' motion to dismiss for improper venue.

<u>Id.</u> at 536 (emphasis added) (discussing <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22 (1988)).  <u>See also</u> <u>Sylvester Material, Inc. v. John Carlo, Inc.</u>, No. 3:04CV7686, 2005 U.S. Dist. LEXIS 9424, *9 (N.D. Ohio, May 17, 2005) ("Thus, if a case is filed in a venue prescribed by 28 U.S.C. § 1391, a forum selection clause will not serve as the basis for granting a motion to dismiss for improper venue.").

Therefore, the forum selection clause in the PML/ACG Contract cannot serve as the basis for granting ACG's Motion to Dismiss for improper venue because the venue requirements in relation to Michigan are satisfied pursuant 28 U.S.C. § 1391(a)(2).[4]

---

[4]  In the event that this Court determines that venue is improper, which it is not, PML, in the alternative, requests that this Court transfer the action pursuant to 28 U.S.C. § 1406(a), which states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

**C.    This Court Can Exercise Personal Jurisdiction Over ACG.**

The Court has personal jurisdiction over ACG pursuant to Michigan's long-arm statute and the Due Process Clause of the Fourteenth Amendment by virtue of ACG's transaction of business in Michigan with PML, a Michigan company.  In order for this Court to exercise personal jurisdiction over ACG, the first inquiry is whether Michigan's long-arm statute grants jurisdiction.  The second inquiry is whether the exercise of that jurisdiction comports with "traditional notions of fair play and substantial justice."

**1.    ACG Has Transacted Business in Michigan within the Meaning of M.C.L. § 600.715.**

First, ACG is subject to jurisdiction under Michigan's long-arm statute, M.C.L. § 600.715.  Specifically, M.C.L. § 600.715(1) states:

> The existence of any of the following relationships between a corporation or its agent and the State shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against such corporation arising out of an act which creates any of the following relationships:
>
> (1)    The transaction of any business within the state.

This Court has interpreted the word "any" to mean "'each' and 'every,' . . . .  It comprehends 'the slightest.'"  Superior Consulting Co., Inc. v. Walling, 851 F. Supp. 839, 844 (E.D. Mich. 1994) (citations omitted).

With respect to entire phrase "transaction of any business" and the first prong of the jurisdictional analysis, the Sixth Circuit, in Lanier v. The American Board of Endodontics, 843 F.2d 901, 906 (6th Cir. 1988), held that "if the defendant conducted even the slightest act of business in Michigan, the first statutory criterion for personal jurisdiction under section

11

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

600.715(1) is satisfied." The Lanier court found that the defendant board, which resided in Illinois, had contacts with Michigan through its correspondence; its certification of the plaintiff doctor, who practiced in Michigan, once she passed the certification exam; and the payment of fees by the Michigan doctor to the Illinois board. Id. The court further concluded that:

> [i]t is manifest that the Board entered into a contract with Dr. Lanier to consider her qualifications and eligibility for Board certification. . . . **Neither the presence of the defendant in the state, nor actual contract formative need to take place in the forum state for defendant to do business in that state**. In Burger King Corp. v. Rudzewicz, 471 U.S. 462, 85 L. Ed. 2d 528, 105, S. Ct. 2174 (1985), the court held:
>
> **Jurisdiction . . . may not be avoided merely because the defendant did not physically enter the forum State.** Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an *inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines*, thus obviating the need for physical presence within a State in which business is conducted. *So long as a commercial actor's efforts are purposefully directed" toward residents of another State* [physical absence is not dispositive]. Id. at 476.

Id. at 907 (bold-faced emphasis added; italicization in original).

ACG is subject to limited personal jurisdiction pursuant to M.C.L. § 600.715(1) when it transacted any business within Michigan.  ACG entered into a contract with PML, a Michigan company, whereby ACG agreed to obtain and provide workers' compensation insurance to PML for its PEOs and the customers of the PEOs in various states including Michigan.  (See Ex. A to the Compl.)  ACG thus agreed to provide services and insurance to PML in Michigan to cover PML, PML's affiliated PEOs, and the customers of those PEOs, some of whom were located in Michigan.  (See **Exhibit B**.)  ACG also corresponded with

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

PML and sent invoices to Michigan.  (See, e.g., **Exhibit A**.)  This conduct sufficiently constitutes the transaction of "any business" within this State.

The second prong under M.C.L. § 600.715, that the cause of action arose out of the business that ACG transacted within the state, is satisfied.  PML's claims of breach of contract, conversion, and fraud all arise out of ACG's contractual relationship with PML to provide PML, as a Michigan company, with workers' compensation insurance for its PEOs and ACG's acceptance of payment for insurance premiums from PML.

> **2.  Maintenance of This Action in Michigan Does Not Offend "Traditional Notions of Fair Play and Substantial Justice."**

The next step is to determine whether the Due Process Clause permits the exercise of limited personal jurisdiction under Michigan's long-arm statute.  A defendant must have "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Personal jurisdiction may be established by showing either "general" or "specific" jurisdiction depending on the nature of the contacts.  Compuserve, Inc. v. Patterson, 89 F.3d 1257, 1263 (6th Cir. 1996).  General jurisdiction may be established by "continuous and systematic" contacts with the forum state even if the action is unrelated to the defendant's contacts; whereas specific jurisdiction may be established when a defendant's contacts with the forum are related to the action.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985); Third Nat'l Bank v. Wedge Group, Inc., 882 F.2d 1087, 1089 (6th Cir. 1989).

In order to exercise specific jurisdiction, the Sixth Circuit requires that the cause of action arose from the defendant's activities in the forum and that:

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

(1)    defendants purposefully availed themselves of the privilege of conducting activities in Michigan; and

(2)    the acts of the defendants or **consequences caused by the defendant must have had a substantial enough connection with the forum** to make the exercise of jurisdiction over the defendant reasonable.

Lanier, 843 F.2d at 909 (emphasis added).

The Sixth Circuit in Lanier, supra, interpreted the phrase "purposefully availed itself" to mean "where the defendant 'deliberately' has engaged in *significant activities* within a State . . . *or* has created '*continuing obligations*,' between himself and residents of the forum." Id. at 910 (emphasis in original) (quoting Burger King, 471 U.S. at 475-76). See also McGee v. Int'l Life Ins. Co., 355 U.S. 220 (1957) (permitting the exercise of personal jurisdiction of the California courts over a Texas insurance company solely because the Texas company offered insurance to one individual in the forum and collected premiums from that individual).

In the instant case, ACG purposefully availed itself of the privilege of conducting activities in Michigan when it executed the Contract with PML and agreed to obtain and provide workers' compensation insurance to a Michigan company, its PEOs, and the customers of those PEOs, several of whom are located in Michigan. (See Ex. A to the Compl.; **Exhibit B** attached hereto.)   ACG's creation of continuing obligations with PML subjects it to jurisdiction.  As stated above in the Lanier and Burger King cases, "Parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." Burger King, 471 U.S. at 473.

14

PML's breach of contract, fraud, and conversion claims against ACG also arose out of ACG's contact with Michigan, and PML continues to suffer the consequences of ACG's conduct in Michigan. Therefore, the exercise of limited personal jurisdiction under Michigan's long-arm statute in this case comports with "traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316 (1945).

## CONCLUSION

For the foregoing reasons, Plaintiff PML North America, LLC respectfully requests that this Court deny Defendant ACG Enterprises of NC, Inc.'s Motion to Dismiss.

Respectfully submitted,

BUTZEL LONG

/s/ Michael G. Latiff
Michael G. Latiff (P51263)
Maureen T. Taylor (P63547)
Katherine Donohue Goudie (P62806)

150 West Jefferson, Suite 100
Detroit, MI 48226-4450
(313) 225-7000
E-mail: latiff@butzel.com
        taylorm@butzel.com
        goudie@butzel.com

Dated: November 23, 2005                    Attorneys for Plaintiff

/799347/

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PML NORTH AMERICA, LLC,

        Plaintiff,

                                        Case No. 05-CV-70404-DT

v.

                                        Hon. Robert H. Cleland

HARTFORD UNDERWRITERS
INSURANCE COMPANY, ACG
ENTERPRISES OF NC, INC. and
RTP INSURANCE OF DURHAM, NC,

        Defendants.

---

| | |
|---|---|
| **BUTZEL LONG** | **DYKEMA GOSSETT PLLC** |
| Michael G. Latiff (P51263) | Thomas J. Murray (P56331) |
| Maureen T. Taylor (P63547) | 39577 Woodward Avenue, Suite 300 |
| Katherine Donohue Goudie (P62806) | Bloomfield Hills, MI 48304-5086 |
| 150 West Jefferson, Suite 100 | (248) 203-0806 |
| Detroit, MI 48226-4450 | Attorney for Defendant Hartford |
| (313) 225-7000 | Underwriters Insurance Company |
| Attorneys for Plaintiff | |
| | |
| Keith Bishop, Esq. (N.C. Bar No. 18918) | John Edward Gilchrist, pro se |
| Madison Center, Suite 105 | 3325 Chapel Hill Blvd., Suite 145 |
| 1802 Martin Luther king, Jr. Parkway | Durham, NC 27707 |
| Durham, North Carolina 27707 | (919) 401-6556 |
| (919) 490-1855 | Defendant RTP Insurance of Durham, NC |
| Attorney for Defendant ACG Enterprises of NC, Inc. | |
| | |
| Mark A. Haywood, Esq. (P49366) | |
| 1274 Library St., Suite 303 | |
| Detroit, MI 48226 | |
| (313) 967-9322 | |
| Co-counsel for Defendant ACG Enterprises of NC, Inc. | |

---

## CERTIFICATE OF SERVICE

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

I hereby certify that on <u>November 23, 2005</u>, I electronically filed **Plaintiff PML North America, LLC's Response in Opposition to Defendant ACG Enterprises of NC, Inc.'s Motion to Dismiss** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Thomas J. Murray        tmurray@dykema.com

Stephen W. King        sking@dykema.com

I further certify that on <u>November 23, 2005</u>, I caused a copy of the foregoing paper and all attachments thereto to be served on each of the following via first class U.S. Mail:

Keith Bishop, Esq.                          John Edward Gilchrist, pro se
Madison Center, Suite 105                   3325 Chapel Hill Blvd., Suite 145
1802 Martin Luther king, Jr. Parkway        Durham, NC  27707
Durham, North Carolina  27707

Mark A. Haywood, Esq.
Mark A. Haywood & Associates, PLC
1274 Library St Ste 303
Detroit, MI  48226
Co-counsel for Defendant ACG Enterprises
of NC, Inc.

by placing same in a sealed envelope, addressed to said attorney and depositing same in the United States mail in Detroit, Michigan, with postage fully prepaid.

I declare that the foregoing is true and accurate to the best of my information, knowledge and belief.

BUTZEL LONG

By: s/Katherine D. Goudie
        Michael G. Latiff (P51263)
        Maureen T. Taylor (P63547)
        Katherine Donohue Goudie (P62806)
150 West Jefferson, Suite 100
Detroit, MI  48226-4450
(313) 225-7000
E-mail:  latiff@butzel.com
            taylor@butzel.com
            goudie@butzel.com
Attorneys for Plaintiff

2