**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PML NORTH AMERICA, LLC,

   Plaintiff,

v.

HARTFORD UNDERWRITERS INSURANCE
COMPANY, ACG ENTERPRISES OF NC, INC.,
and JOHN E. GILCHRIST d/b/a RTP INSURANCE
& FINANCIAL ASSOCIATES OF DURHAM, NC,

   Defendants.

Case No. 05-CV-70404-DT

Hon. Robert H. Cleland

**ORDER REGARDING ELECTRONIC DISCOVERY
PROTOCOL FOR RETRIEVAL OF INFORMATION FROM DEFENDANTS
ACG ENTERPRISES OF NC, INC.'S AND JOHN E. GILCHRIST d/b/a RTP
INSURANCE & FINANCIAL ASSOCIATES OF DURHAM, NC'S HARD DRIVES**

  At a session of said Court held in the United States District Court, Eastern District of Michigan, in the City of Detroit, Michigan on July 14, 2006.

  PRESENT: **HONORABLE ROBERT H. CLELAND**
        United States District Court Judge

  The Court having reviewed the separate stipulations of the parties, and the Court being otherwise duly advised in the premises;

  **IT IS HEREBY ORDERED** that Plaintiff PML North America, LLC ("PML") and Defendants ACG Enterprises of NC, Inc. and John E. Gilchrist d/b/a RTP Insurance & Financial Associates of Durham, NC (collectively referred to as "Defendants"), shall use the below protocol for retrieving information from the following hard drives (collectively referred to as "hard drives"), including any peripheral devices:

- Hard drive ("Disk 1 of 2":  200 GB Western Digital, SN:  WCAPF1037685) containing copies of the hard drives produced on behalf of Defendant ACG Enterprises of NC, Inc.

("ACG") on June 21, 2006.

- Back-up hard drive ("Disk 2 of 2": 250 GB Western Digital, SN: WCANK3315301) containing back-up copies of the hard drives produced on behalf of ACG on June 21, 2006.

- Hard drive ("Disk 1 of 2": 250 GB Western Digital, SN: WMANK1959179) containing copies of the hard drives produced on behalf of Defendant John E. Gilchrest, d/b/a RTP Insurance & Financial Associates of Durham, NC ("RTP"), on June 21 and 22, 2006.

- Back-up hard drive ("Disk 2 of 2": 250 GB Western Digital, SN: WCANK3321778) containing back-up copies of the hard drives produced on behalf of RTP on June 21 and 22, 2006.

- Hard drive ("RTP-5 SCSI Disk-Image-Sets":  100 GB Maxtor Model 6L100PO, SN: L21PKC3G) containing copies of the hard drives produced on behalf of RTP on June 22, 2006.

- Back-up hard drive ("Backup:  RTP-5 SCSI Disk-Image-Sets":  100 GB Maxtor Model 6L100PO, SN:  L25SMXNG) containing back-up copies of the hard drives produced on behalf of RTP on June 22, 2006.

**IT IS FURTHER ORDERED** that the Parties shall use the following protocol for the preliminary retrieval of information from the above-described hard drives:

1. Create a spreadsheet using computer-forensic software from Guidance Software Inc. (EnCase), Access Data (FTK), and/or Paraben, using search terms to identify potentially relevant files and data.  Once the potentially relevant files and data have been identified, search terms will be applied to identify potential attorney-client privileged communications.  The searches will be conducted in the following locations on the hard drives described above:

    a. All local e-mail files, their attachments, storage, any other locally stored e-mail files, and any other system saved/cached files between October 1, 2004 and March 31, 2005;

    b.    All office automation-related files including, but not limited to, files in Microsoft Word, Corel WordPerfect, QuickBooks, and Microsoft Excel between November 1, 2004 and March 31, 2005; and

    c.    All unallocated and slack space on hard drives.

2.    The search terms to be used for the initial search are as follows:

    a.    Search terms to identify potentially privileged files and data will include the following terms. These searches will capture all formats of the search term. For example, a search for "bishop" will capture the following terms: BISHOP, bishop, KeithBishop, and Bishopscan.

- Bishop
- Boykin
- Click
- Haywood
- Doyle
- Hedrick, Eatman, Gardner & Kincheloe, LLP
- Blue
- Vickey Parott
- Rogers
- Janet Schmid
- Poyner & Spruill
- Hall, Rogers, Gaylord & Crum
- Northern Blue Law Firm

b.  Search terms that may be used to identify potentially relevant files and data:

- RTP Insurance
- Gilchrist (to be used as a search term for ACG's hard drives)
- eddie@rtpinsurance.com (to be used as a search term for ACG's hard drives)
- lauren@rtpinsurance.com (to be used as a search term for ACG's hard drives)
- rtpinsurance@mindspring.com (to be used as a search term for ACG's hard drives)
- eddie@rtpins.com (to be used as a search term for ACG's hard drives)
- PML
- Accord Corporation 1998 (with timeframe of September of 2004 through March of 2005)
- Acord Corporation 1988 (with timeframe of September of 2004 through March of 2005)
- Insight Contracting Co
- Hasting Irrigation
- Superior Senior Care
- David R. Dowdy
- Hertz Rental Equipment
- New England Construction
- Modern Industrial Services

- Virginia Tours
- ACG Investigations
- Force Staffing
- O T Howell Construction
- Heckman Homes
- Church Growth Institute
- Hickory Ridge Land Co
- Capps Home Building Center
- Fernando's Auto Repair
- Plum Creek Timber Co
- Thompson Investment, Inc
- Countrywide Mortgage Company
- D F Moody
- Growing Child Daycare
- NF Luce
- Pro Muffler
- S&R Pinkham
- TR Flagg
- JKB Consultants
- Long Term Care Resources
- See's Home Repair
- Cottages of Henderson

- Brines Refrigeration
- CJR Enterprises
- Harrison Realty
- Roof Tech, Inc
- World Wide Personnel
- West Valley
- Michael Peterson and Mike Peterson
- Melissa Marmie
- mmarmie@spt.com
- Antoinette Peterson and Toni Peterson
- AToniMichael@aol.com
- michael@worldwideps.com
- Shelton
- jpshelcom1@comcast.net
- Michelle Hutchins
- Michelle Carrow
- Michael Carrow
- Thomke (to be used as search term for RTP's hard drives)
- cthomke@acgpersonnel.com (to be used as search term for RTP's hard drives)
- Brown (to be used as search term for RTP's hard drives)
- cbrown@acgpersonnel.com (to be used as search term for RTP's hard

drives)

3. The search hits and their underlying files ("search-hit-related files") will be produced as follows:

    a. Non-email search hits will be presented in dual format: (1) the file in which hit occurs (excluding files which are impractical, such as unallocated space), and (2) a spreadsheet showing the file's name, its key metadata, plus the search hit as a 'Preview' (the 'Preview' presents the search hit plus approximately 50 characters before and after the hit text).

    b. E-mail search hits will be presented in one format: a report containing the name of the email store/file from which it came, plus the hit text, sender, recipient, subject, the message body, attachments, and the message's meta data.

3. The list presenting the non-email search hits will contain the following information:

    a. Filename

    b. Preview - showing the search-hit text plus text before and after the hit.

    c. File extension (e.g., .doc, .xls, .pst, .pdf, etc.)

    d. File Created date

    e. Last Accessed date

    f. Last Modified date

    g. Last Written date

    h. Deleted? – indicating if the file was deleted

    i. File Path

    j. Other metadata as appropriate, which does not undermine the privilege

protections contained in this Stipulated Order.

4. The e-mail report will contain similar information and also will include the following information:

    a. Sender

    b. Recipient

    c. Subject

    d. Attachment listing and attachments

5. After reviewing the search results, further searches of the imaged files may be required. A party desiring further searches shall give notice to the other party of additional search terms or search methods, or both, that will be used by the requesting party and the requesting party's own expert. The requesting party shall proceed with the search after it has obtained consent from the other parties. Consent shall not be unreasonably withheld. In the absence of consent, parties shall apply to the Court for relief or a protective order.

6. The privileged search-hit-related files generated by PML's computer forensic expert, as described above, will be sent to counsel for Defendant ACG. Counsel for PML and Defendant RTP will not review or receive a copy of the potentially privileged search-hit-related files. Defendant ACG will create a privilege log containing the following information for each document or file that Defendant ACG claims is privileged and which will be served on all parties within 7 days after Defendant ACG receives the search-hit-related files:

    a. the type of document, file, and/or data (e.g. letter, ledger, email, note, memo) withheld and the number of pages of the document;

    b.    a statement of the document's subject matter, without revealing information itself privileged and protected;

    c.    the date(s) it bears;

    d.    the name of the author(s);

    e.    the name of each recipient, including all copied and blind copied recipients in relation to e-mails;

    f.    the source of the file and/or data (e.g., identity of the hard drive);

    g.    with respect to e-mails, the description of any attachments containing the information requested in subsections (a) through (d) above; and

    h.    the basis of the privilege (e.g. attorney-client privilege or attorney work product).

9. Nothing in this Stipulated Order shall be deemed a waiver of any party's right to object to ACG's designation of material as privileged and to seek appropriate relief from this Court. If a party objects to any material, which ACG designates as privileged, the disputed material(s) shall remain "privileged" as originally designated pending an *in camera* review of the disputed material by this Court and further order of the Court resolving the dispute.

10. Each party may request and shall receive a copy of the non-privileged search-hit related files in electronic format, and each party shall pay for the cost of reproduction of the copy, but not the professional fees related to the reproduction.

11. Production of responsive documents or data will be in an electronic format extracted from the search-hit-related files, or, for example, by the native application if that is the

only way to produce an image, or by paper. Any party may seek the appropriate protective order from this Court prior to production of responsive documents or data.

**IT IS FURTHER ORDERED** that the expert report deadline, which was originally scheduled for July 6, 2006 pursuant to this Court's April 21, 2006 Scheduling Order, is extended for 21 days after the above-described hard drive searches are completed.

**IT IS SO ORDERED.**

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 14, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522