**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PML NORTH AMERICA, LLC,

    Plaintiff,

v.                                      Case No. 05-CV-70404-DT

HARTFORD UNDERWRITERS INSURANCE
COMPANY, ACG ENTERPRISES OF NC, INC.,
and JOHN E. GILCHRIST d/b/a RTP
INSURANCE & FINANCIAL ASSOCIATES OF
DURHAM, NC,

    Defendants.
                                          /

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF COMPUTER EQUIPMENT AND TO
EXPAND THE RELEVANT TIMEFRAME FOR INSPECTION**

Plaintiff, PML North America, LLC ("PML") filed a Motion to Compel on August 30, 2006. Defendant ACG Enterprises, Inc. ("ACG") responded on September 11, 2006. The court required a fuller understanding of the technical aspects of the motion and thus held a hearing where both parties[1] could present evidence and argument. With the benefit of that hearing and the parties' stipulation to certain matters, the court GRANTS the motion.

IT IS ORDERED that ACG produce the following equipment for inspection by PML's computer forensic expert on or before September 22, 2006:

    (1)    Hard Drive identified as 40GB IBM Deskstar HD, model IC2N040ATCS04-0, used on Carlos Brown's laptop,

    (2)    USB Storage Device identified as "Disk&Ven_Memorex&Prod_Thumb

---

[1] Defendant Gilchrist, who is not directly involved in this discovery dispute, was informed of the hearing and chose not to participate.

>   Drive& Rev_1.11" and used on Mr. Brown's laptop and one of ACG's desktop computers. Production is required to the extent this is different than the Belkin USB Thumb Drive port that was provided to PML and its expert, Stott Matthews at the hearing.

IT IS FURTHER ORDERED that ACG shall attempt to identify, locate and secure any and all Backup Target disks identified as "//storage/cbrown" in its possession, and in the possession of any third party who may have serviced ACG's computer, that were used with a back-up software program including, but not limited to, Norton Ghost 9.0, and ACG shall provide the Backup Target Disks to PML immediately. In the event ACG is silent or does not provide the Backup Target Disks, the court will conclude that ACG attempted to locate, identify and secure the Backup Target Disks.

IT IS FURTHER ORDERED, pursuant to the parties' stipulation, that the time period for examination of all hard drives provided shall be expanded from the previous end date of March 31, 2005 contained in the July 14, 2006 Order Regarding Electronic Discovery [Dkt #71], to June 21, 2006, the date when PML conducted its inspection at ACG's office.

IT IS FURTHER ORDERED that ACG and Carlos Brown are to send overnight on September 19, 2006 Carlos Brown's home laptop computer (which Mr. Brown testified to as his wife's laptop, which he used for limited business purposes) directly to Plaintiff's expert, J. Stott Matthews, who will then copy the hard drive pursuant to the protocol identified in the July 14, 2006 Order of this Court and amended consistent with the time period of this Order. Mr. Matthews shall return the laptop computer, via overnight on September 20, 2006, back to Carlos Brown.[2]

---

[2] Though one date of compliance in this portion of the order pre-dates the signing date of this order, the dates are pursuant to the court's oral instruction at the hearing on September 18, 2006.

IT IS FURTHER ORDERED that Mr. Matthews shall conduct the additional searching of the hard drives both for the expanded timeframe and for the additional hard drives and/or thumb drives that have or are to be provided pursuant to this Order and shall issue his report on or before close of business on Friday, September 29, 2006.

IT IS FURTHER ORDERED that the time period for filing dispositive motions for all parties is extended until October 20, 2006.

IT IS FURTHER ORDERED, pursuant to the parties' stipulation, that ACG shall provide responses to Plaintiff's Second Set of Requests for Production directed to ACG, dated August 3, 2006, on or before close of business on Monday, October 2, 2006.

IT IS FURTHER ORDERED that the Court reserves the issue of relief for ACG's failure to provide the aforementioned data, equipment or information, for a later date upon motion of either party.

IT IS FURTHER ORDERED that the ability of ACG to depose Plaintiff's expert will be reserved for another date pending the final report of Mr. Matthews.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  September 21, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 21, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\05-70404.PML.GrantMotiontoCompel.wpd