UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PML NORTH AMERICA, LLC,

    Plaintiff,

v.                                        Case No. 05-CV-70404-DT

ACG ENTERPRISES OF NC, INC.,

    Defendant.
                                        /

**OPINION AND ORDER AWARDING PLAINTIFF ATTORNEYS' FEES AND COSTS**

In its December 20, 2006 "Opinion and Order Granting Plaintiff's 'Motion for Judgment by Default and Partial Summary Judgment Against Defendant ACG Enterprises of NC, Inc.,'" the court granted Plaintiff PML North America, LLC ("PML") reasonable attorneys' fees and costs incurred due to the misconduct of Defendant ACG Enterprises of NC, Inc. ("ACG"). Pursuant to the court's order, PML has filed a memorandum attesting to the fees and costs PML incurred in preparing its motion. The court will, for the reasons stated below, award PML attorneys' fees and costs in the total amount of $134,373.

**I. STANDARD**

The "lodestar" approach is considered to be the proper method for determining the amount of reasonable attorney fees. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also United States v. Metropolitan Health Corp.*, No. 02-485, 2005 WL 3434830 (W.D. Mich. 2005) (applying the lodestar approach in determining the reasonableness of an attorneys' fee award in a civil contempt case). In making the "lodestar"

calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433-434.  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.*  Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors: (1) time and labor, (2) difficulty of the case, (3) skill necessary, (4) the extent the attorney is precluded from working on other matters, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations, (8) the amount involved and results obtained, (9) the attorneys' experience, reputation, and ability, (10) the undesirability of the case, (11) the nature and length of the attorney-client relationship and (12) awards in similar cases.  *Id.* at 430 n.3.

## II.  DISCUSSION

### A.  Scope of Discovery Violations

Defendant argues that Plaintiff's claim for attorneys' fees are unreasonable and excessive, because Plaintiff now claims all attorneys' fees it incurred in connection with the prosecution of the case.  (Def.'s Resp. at 3.)   The court agrees and will reduce Plaintiff's award to include only fees that are reasonably related to Defendant's discovery violations.  "Rule 37 allows courts to impose the fees and costs incurred in making a motion to compel as a discovery sanction, but it does not authorize sanctions for other expenses."  *Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003).  Plaintiff claims a total of $186,566 for fees, which, in addition to fees associated with the discovery violations, include the initiation of the lawsuit, the addition of ACG and RTP to the suit, motions to dismiss under Rule 12(b), the identification of the fraudulent

documents and Hartford's role, the motion to dismiss and the motion to transfer venue. (Pl.'s Mem. at 2-6.)  The court finds that only the fees associated with Phase II of discovery, the motion to compel production of ACG's computer equipment, the motion for summary judgment, the default judgment and the submission of damages, fees and costs are appropriate to award to Plaintiff.  Accordingly, the court awards PML attorneys' fees for a total award of $85,807.

### B.  Reasonable Hourly Rate

A reasonable hourly billing rate is generally calculated according to the prevailing market rates in the relevant community.  *Blum v. Stenson*, 46 U.S. 886, 897 (1984).  "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 896 n.11.  An attorneys' fee must be "adequate to attract competent counsel, but . . . not produce windfalls to attorneys."  *Id.*  (internal quotations and citations omitted).

### 1.  Attorney's Fees

PML seeks to recover its attorneys' fees for work performed by attorneys Latiff at $260 per hour, Taylor at $240 per hour, Goudie at $165 per hour, Lowe at $165 per hour, Romej at $300 per hour and Hessell at $175 per hour.  (Pl.'s Mem. at 4-6.) District courts have relied on the State Bar of Michigan 2003 Economics of Law Practice survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice.  *See Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 Fed. App'x. 498,

501-02 (6th Cir. 2006). The 2003 State Bar of Michigan survey demonstrates that, during 2003, the average billing rate for all attorneys was $177 per hour. Taking into account the rate increase from 2003 to 2006, a number of courts have found that $200 per hour constituted a fair average billing rate for fee award purposes in several types of litigation. *See Auto Alliance Int'l v. U.S. Customs Serv.*, 155 Fed. App'x. 226, 228 (6th Cir. 2005); *Lamar*, 178 Fed. App'x. at 501-02; *Darbyshire v. Garrison*, No. 04-CV-72272, 2006 WL 581032, at *3 (E.D. Mich. Mar. 8, 2006). Further, in 2003 the state average for attorneys in large firms (over 100 attorneys), the rate was $241 per hour, $210 for equity partners, $238 for attorneys whose office was located in downtown Detroit, and $186 for attorneys whose office was located elsewhere in Southeast Michigan.

Considering the fact that Latiff and Romej are partners in a large firm working on a complex case, the court finds that an hourly rate higher than the 2003 average state rate of $241 is appropriate. The same is true for the billing rate of the associate attorneys who have worked in this case. In light of all the facts and circumstances, the court finds that the rates charged for both the partners and the associates are reasonable.

### 2. Paralegal and Clerk's Fees

PML seeks to recover its paralegal and clerk's fees for work performed by paralegals Richards at $115 per hour and Renko at $140 per hour, as well as clerk Orlandoni at $130 per hour. (Pl.'s Mem. at 4-6.) The 2003 State Bar of Michigan survey demonstrates that, during 2003, the average billing rate for paralegals with at least five years of experience in large firms (over 20 attorneys), the rate was $100 per

4

hour. For paralegals with at least five years of experience, the rate was $90 in Southeast Michigan.

Because Richards, Renko and Orlandoni are in a large firm working on a complex case, the court finds that an hourly rate higher than the average rate of $100 is appropriate. Therefore the court finds that the rates charged for both the paralegals and the clerk are reasonable.

### C. Costs

Rule 54(d) of the Federal Rules of Civil Procedure provides, in part, that "[e]xcept when express provision therefore is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." This language "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986). The court's December 20, 2006 order limits costs to reasonable attorney fees and costs it incurred as a direct result of ACG's discovery violations.

### 1. Court Reporter Fees[1]

Defendant unsuccessfully argues that the $8,565 that was incurred in costs for obtaining transcripts of the depositions should be denied because the depositions were taken for the purpose of thorough investigation. (Def.'s Resp. at 2.) Defendant does not particularly assert how any of Plaintiff's depositions were taken "for the purpose of investigation or the kindred purpose of thorough preparation of counsel." (*Id.*)

---

[1]Defendant mistakenly cites authority regarding depositions. Plaintiff, however, seeks to recover court reporter fees.

Defendant's argument misses the point. Plaintiff claims a total of $8,565 for court reporter fees (not the cost of preparing for and taking the depositions themselves), which includes transcripts used in the motion to dismiss, the motions for summary judgment, and the motion for default judgment and responses. (Pl.'s Mem., Ex. B.) The transcripts were also used at the evidentiary hearing and the hearing on the motion for summary judgment. (*Id.*) Because the court reporter fees are reasonably related to Defendant's misconduct, particularly to the extent they were necessary for Plaintiff to present a proper response, the court will award the court reporter fees.

### 2. Claim for Local Counsel

Defendant argues that Plaintiff's claim for attorney's fees for local counsel to serve a subpoena is unreasonable. Indeed, "[w]here [a] lawyer spends time on tasks that are easily delegable to non-professional assistants, legal services are not applicable." *Childress v. Williams*, 1999 U.S. Dist. LEXIS 22983, *17 (E.D. Mich., 1999) (*citing Halderman v. Pennhurst State Sch. & Hospital*, 49 F.3d 939, 942 (3rd Cir. 1995)). Accordingly, the court denies attorneys' fees for local counsel in the amount of $1,423.

### 3. Claim for Fees of the Clerk

Defendant argues that the Plaintiff's request for fees of the clerk should be denied because the fees constitute costs and expenses which should be allocated in a final judgment. Because Plaintiff has not specified how these fees were incurred in its

6

bill of costs, the court will therefore deny the claim in the amount of $150.[2]  (Pl.'s Mem. at 7, Ex. B.)

### 4. Claim for Expert Witness Fees

Defendant argues the expert fee demand should be denied because it is not limited to expenses incurred as a consequence of the discovery violations found by the court.  (Def.'s Resp. at 5.)  However, Plaintiff clearly demonstrates that expert fees for the forensic computer examination were incurred due to ACG's data spoilation and physical tampering with the computer hardware (Pl.'s Mem. at 7, Ex. A.), and the court readily agrees.  Where expert testimony is necessary, as it was in this case for the court to grasp the technical issues at stake, courts agree that awarding expert witness fees is appropriate.  See, e.g., *Nebraska Public Power Dist. v. Austin Power, Inc.*, 773 F.2d 960, 975-76 (8th Cir. 1985) (district court did not abuse its discretion in finding that the expert testimony was "crucial" to questions of causation and damages and also to proper understanding of nonexpert testimony); *U.S. Fidelity and Guar. Co. v. Braspetro Oil Servs. Co.*, 219 F.Supp.2d 403 (S.D.N.Y. 2002) (finding that in complex case expert expenses exceeding $5.8 million were reasonable) *affirmed in part and vacated on other grounds by*, 369 F.3d 34 (2nd Cir. 2004); *Heverly v. Lewis*, 99 F.R.D. 135, 137-138 (D.Nev. 1983) (stating that the central concern in deciding whether to tax the fees of an expert witness is the necessity of the expert's opinion).  Without the reports and testimony of Plaintiff's expert, the court would not have had a full understanding of the merits of Plaintiff's position.  The examination of the computer information at issue here

---

[2]The court further believes that the $150 was likely the filing fee for the complaint, which would not be recoverable pursuant to the court's order.

was extensive, and, although the analytical reports produced by the expert were correspondingly complex, they were cogent, targeted and, most important, indispensable. The court will therefore grant Plaintiff's request for the expert witness fees in the amount of $40,001.

### D.  Damages

Plaintiff sets forth its estimated damages and requests declaratory relief from the court, whereby ACG would be held responsible to pay all amounts that PML becomes obligated to pay for any current or future claims.   (Pl.'s Mem. at  7-8, Ex. D.)  The court does not foreclose the possibility that these damages may be recoverable if they are indeed proven.  The extent of Plaintiff's damages is a question that is subject to later determination.

### IV.  CONCLUSION

IT IS ORDERED that Defendant ACG pay Plaintiff PML $85,807 in attorney fees and $48,566 in costs, for a total of $134,373.

IT IS FURTHER ORDERED that the court will conduct a telephone status conference on the record **on Tuesday, April 10 at 3:00 P.M.**  The parties should expect to discuss how determination of damages should proceed.  The court will initiate the call.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 28, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 28, 2007, by electronic and/or ordinary mail.

                                       S/Lisa Wagner
                                       Case Manager and Deputy Clerk
                                       (313) 234-5522