**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PML NORTH AMERICA, LLC,

    Plaintiff,

v.                                                            Case No. 05-CV-70404

ACG ENTERPRISES OF NC, INC.,
and CARLOS BROWN,

    Defendants.
                                               /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S "MOTION FOR JUDGMENT BY DEFAULT AND SUMMARY
JUDGMENT AGAINST DEFENDANT CARLOS BROWN"**

Pending before the court is Plaintiff PML North America, LLC's ("PML's") "Motion for Judgment by Default and Summary Judgment Against Defendant Carlos Brown," filed on October 4, 2007. Brown has failed to file a response as required under Eastern District of Michigan Local Rule 7.1(b). The court held a hearing on November 28, 2007.[1] The court will, for the reasons stated below, grant the motion in part and deny it in part.

**I. BACKGROUND**

The root of this case is insurance fraud. PML contracted with Defendant ACG Enterprises of NC, Inc. ("ACG"), Brown's company, for workers' compensation insurance. PML later discovered that it received false insurance certificates and in fact had no coverage for several claims, including a significant closed-head injury. Through

---

[1]Defendants ACG Enterprises and Carlos Brown were not present or represented at the hearing and therefore waived their opportunity for oral argument.

the course of litigation, the court learned the depth and pattern of ACG and Brown's misconduct. The behavior is outlined and detailed in the court's December 20, 2006 Opinion and Order. (*See generally* 12/20/06 Summary Judgment Order.) Forensic evidence and testimony presented at a September 19, 2006 hearing persuaded the court that ACG and Brown tampered with or destroyed critical evidence, including computer components and certain stored data. The court concluded that, with respect to ACG, Plaintiff was entitled to default judgment for discovery abuses pursuant to Federal Rule of Civil Procedure 37. (*Id.* at 7-12.) The court further concluded that the limited evidence that did survive established no question of material fact with respect to liability and that PML was thus also entitled to summary judgment under Rule 56. (*Id.* at 12-18.) In a separate order, the court directed PML to file a proposed bill of reasonable fees and costs incurred as a result of ACG's discovery violations. (12/20/07 Order Directing Further Proceedings.)

The court would later determine the amount of fees and costs that ACG was required to pay, and the court set a deadline for payment. (4/11/07 Order.) Brown filed an affidavit stating that ACG was insolvent and unable to satisfy the court's award of fees and costs. (6/1/07 Brown Aff.) PML then sought leave to amend or correct its complaint to include Brown as an individual defendant. (Pl.'s 6/20/07 Mot.) The court granted the motion, concluding that "[u]nder the circumstances, Brown and ACG are one and the same as far as Plaintiff's claims and the course of this litigation are concerned." (7/26/07 Order at 5.) PML filed its amended complaint on August 14, 2007 and Brown answered on September 14, 2007. PML now seeks relief against Brown, arguing that default judgment would be appropriate as a sanction under Rule 37 and

that summary judgment is proper because there is no issue of material fact under Rule 56. (*See generally* Pl.'s Br.)

## II. DISCUSSION

The court adopts and incorporates by reference its earlier findings and analysis concerning (1) the willful role of Brown and ACG in litigation misconduct, (2) the lack of a question of material fact concerning the origin of the false insurance certificates and, in turn, liability for fraud and breach of contract and (3) the relationship between and, in essence, shared identity of Brown and ACG. (12/20/06 Summary Judgment Order; 7/26/07 Order.) There is thus little else for the court to say. For purposes of this case, Brown is ACG and ACG is Brown. Accordingly, the sanction of default judgment under Rule 37 against ACG is equally appropriate against Brown, as is the court's award of fees and costs as well as its prior Rule 56 analysis. There can be no doubt that ACG was the instrument of Brown's fraud, breach and subsequent litigation misconduct, which involved in important part his own laptop computer. Until recently, Brown also maintained an active role in the litigation, where he had opportunity to defend his shared interests with ACG. For these reasons, PML's motion should be granted and Brown should be held individually liable along with ACG.[2]

---

[2]The court notes that its Rule 37 analysis grants PML total relief while its Rule 56 analysis is limited to PML's claims of fraud (Count III of Amended Complaint) and breach of contract (Count IV). (*See* 12/20/06 Order at 13-18.) The court does not reach the merits of PML's claims of unjust enrichment, promissory estoppel and conversion (Counts I-II and V, respectively).

## IV. CONCLUSION

IT IS ORDERED that PML's "Motion for Judgment by Default and Summary Judgment Against Defendant Carlos Brown" [Dkt. #118] is GRANTED IN PART and DENIED IN PART. Specifically, it is GRANTED with respect to PML's request for default judgment and summary judgment for Counts III and IV of the Second Amended Complaint. The motion is otherwise DENIED. Separate orders of default and summary judgment will issue.

IT IS FURTHER ORDERED that, pursuant to the court's March 28, 2007 Opinion and Order, Defendants Brown and ACG shall pay Plaintiff PML $85,807 in attorney fees and $48,566 in costs, for a total of $134,373.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: November 29, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 29, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522