**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PML NORTH AMERICA, LLC,

      Plaintiff,

v.                                               Case No. 05-CV-70404

ACG ENTERPRISES OF NC, INC.,
and CARLOS BROWN,

      Defendants.
                                             /

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ORDER
AWARDING ATTORNEYS' FEES AGAINST DEFENDANT CARLOS BROWN**

Pending before the court is Plaintiff PML North America, LLC's ("PML's") January 10, 2008 motion to amend a previous order of the court to impose additional attorney fees against Defendant Carlos Brown. Brown responded on January 21, 2008. The court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). The court will grant the motion.

PML correctly states that the court has already ordered that Brown pay certain attorney fees and costs, based upon the court's imposition of sanctions under Rule 37 of the Rules of Civil Procedure for Brown's central role in pervasive and substantial discovery abuses. (12/20/06 Order; 3/28/07 Order; 11/29/07 Order.) PML now seeks additional attorney fees and costs for its efforts to add Brown as an individual defendant and secure summary judgment and default against him in his individual capacity. PML argues that it "needlessly incurred" these fees because Brown presented no defense to

PML's motion to hold him liable and because neither he nor counsel attended the November 28, 2007 hearing on the matter.

Brown responds with citations to North Carolina law stating as a general matter that successful litigants must bear their own costs and that absent statutory authorization such an award is improper. He further contends that PML cites no federal or North Carolina law that would support an award of attorney fees.

A federal district court in its sound discretion may award attorney fees and costs. *Jones v. Continental Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986) (citing *Roadway Express Inc. v. Piper*, 447 U.S. 752 (1980)). Apart from statutory authorization, federal courts have the inherent power to award attorney fees upon a finding that of willful abuse of judicial process that is tantamount to bad faith. *Id.*[1] The general rule against awarding attorney fees "does not apply when the opposing party has acted in bad faith." *Roadway*, 447 U.S. at 765-66.

The court finds that Brown did not act in good faith when he caused PML to incur additional attorney fees and costs. Those additional resources were indeed needlessly expended, as Brown and his counsel failed to respond to PML's motion (which notes that it sought but did not obtain Brown's concurrence in the motion) or attend the hearing on the motion. The effect of Brown's inaction was unwarranted delay of the proceedings and, as such, a bad faith abuse of the judicial process. While the court is mindful that Brown's apparent lack of resources might have been an underlying cause

---

[1] Congress later amended 28 U.S.C. § 1927 for an award of the "excess costs, expenses and attorney's fees reasonably incurred" due to conduct by an attorney that "multiplies the proceedings in any case unreasonably and vexaciously." 28 U.S.C. § 1987.

of his inaction, they were not so great as to prevent him from communicating with PML or the court that he would not respond to the motion or attend the duly noticed hearing. Further, Brown's counsel did in fact attend a later evidentiary hearing to represent Brown. On the merits, it is clear to this court that Brown could have in any event offered no persuasive defense against PML's motion, as his personal involvement in the discovery abuses was manifest and undeniable. Finally, to the extent that Brown's continued obfuscation is derivative or otherwise part of a continued pattern of conduct that drew the initial sanctions, there is an independent basis under Rule 37 for continuing fees and costs that the court previously awarded.

Turning to the amount of fees and costs requested, PML seeks a total of $14,586.50, which is categorized by attorney time expended and substantiated by redacted attorney time entries appended to the motion. The court requested unredacted time entries for *in camera* review, which PML delivered to the court on January 28, 2008.[2] The court further finds that the amount requested is properly supported and reasonable. Accordingly,

IT IS ORDERED THAT Plaintiff's motion to amend the order awarding attorney fees [Dkt. # 125] is GRANTED. Defendant Carlos Brown shall pay Plaintiff PML additional attorney fees and costs in the amount of $14,586.50.

                            S/Robert H. Cleland  
                            ROBERT H. CLELAND  
                            UNITED STATES DISTRICT JUDGE

Dated: February 14, 2008

---

[2]The court concludes that the *in camera* materials likely fall under the attorney client privilege and do not appreciably alter the character of the redacted materials to which Brown already had the opportunity to respond.

3

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 14, 2008, by electronic and/or ordinary mail.

                                           S/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522